BALL, APPELLANT, *v.* VICTOR K. BROWNING & CO., INC. ET AL.; UNION CARBIDE CORP., APPELLEE.

176

(No. 1156—Decided December 10, 1984.)

*Carl F. Muller* and *William E. Riedel,* for appellant.

*Robert C. Maynard* and *Nancy A. Shaw,* for appellee.

FORD, J. On March 5, 1981, Frances M. Ball, the surviving spouse and executrix of Harvey K. Ball, filed an action for wrongful death under R.C. 2125.01, and a survival action under R.C. 2305.21. The complaint was initially filed against Victor K. Browning & Co., Inc. and ABC Co. On July 2, 1982, appellant filed an amended complaint adding Union Carbide Corporation, appellee. The amendment was made after it was revealed through discovery that appellee was responsible for alterations in the design and structure of the crane, which alterations were alleged to be the proximate cause of appellant's decedent's death.

On September 7, 1982, appellee filed a motion to dismiss on the grounds that the statute of limitations had run. The trial court granted the dismissal on August 24, 1983. Pursuant to Civ. R. 54(B), the trial court found there was no just reason for delay. Thus, appellant timely brought this appeal.

Decedent, Harvey K. Ball, worked at the Ashtabula plant of Union Carbide Corporation. On March 25, 1980, a ladle of molten metal carried over decedent's work area by a crane fell and spilled the molten material. Decedent suffered third and fourth degree burns over eighty-five percent of his body. Harvey Ball died of those burns that evening.

Appellant presents one assignment of error:

"The trial court erred to the prejudice of plaintiff-appellant, Frances M. Ball, in sustaining the [Civil] Rule 12(B)(6) motion to dismiss filed by defendant-appellee, Union Carbide Corporation, and awarding final judgment in favor of said defendant."

Appellant's assignment of error is without merit.

R.C. 2125.02 provides for a statute of limitations on wrongful death actions. Appellant relies on language in former R.C. 2125.02 to support her argument that the statute of limitations is inapplicable. However, the statute as amended reads:

"All actions for wrongful death shall be commenced within two years after a decedent's death." R.C. 2125.02(D).

This statute, as amended, became effective February 5, 1982. The Ohio Supreme Court has held that the amendments to the cited statute are remedial in nature and are applicable to all wrongful death actions tried on or after the effective date. *French* v. *Dwiggins* (1984), 9 Ohio St. 3d 32. As appellee's motion to dismiss was heard and filed subsequent to February 5, 1982, the statute as amended governs. Thus, appellant's wrongful death action against appellee is barred by the two-year statute of limitations in R.C. 2125.02, as amended.

Appellant also contends that the decision in *Blankenship* v. *Cincinnati Milacron Chemicals* (1982), 69 Ohio St. 2d 608 [23 O.O.3d 504], created an entirely new cause of action. Therefore, appellant concludes the statute of limitations under R.C. 2305.09 is applicable as

the action is no longer governed by R.C. 2125.02, the wrongful death statute. However, *Blankenship* merely recognized that an employee could utilize his common-law right to damages for intentional infliction of bodily injury. The Supreme Court has judicially interpreted the workers' compensation statutes and case law. *Blankenship* has not labeled or created a new cause of action. Further, the wrongful death statute itself does not make any distinction between an action based on negligence as opposed to an action based on an intentional tort. Thus, the two-year statute of limitations was properly applied by the trial court.

Finally, appellant argues that the survival action under R.C. 2305.21 has a four-year statute of limitations pursuant to R.C. 2305.09.

R.C. 2305.09(D) reads:

"Any action for any of the following causes shall be brought within four years after the cause thereof accrued:

"* * *

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code."

Appellant maintains that R.C. 2305.21 is not listed in those sections referred to in R.C. 2305.09(D). However, appellant's action is essentially one for personal injury. R.C. 2305.10 specifically states that personal injury claims shall be brought within two years. An applicable statute of limitations is not determined from or by the form of the pleading, but rather by the thrust of the complaint. *Viock* v. *Stowe-Woodward Co.* (1983), 13 Ohio App. 3d 7, paragraph two of the syllabus.

" "* * * [W]here a statute, specific in terms, limits the time within which an action for "injuries to the person" or "bodily injury" may be brought, such statute governs all actions the real purpose of which is to recover for an injury to the person * * *.' " (Emphasis deleted.) *Id.* at 11.

As the survival action in the present appeal stems from a cause of action for personal injury, R.C. 2305.10 governs. A two-year statute of limitations was properly enforced.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK, P.J., and DAHLING, J., concur.