**James T. VIARS, Sandra Viars, Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION, Pettibone Mercury Corporation, Defendants.**

**No. C85–3007Y.**

United States District Court, N.D. Ohio, E.D.

Dec. 29, 1986.

Anthony N. Gemma, Gemma & Gemma, Youngstown, Ohio, for plaintiffs.

James E. Young, Charles H. Moellenberg, Jr., Jones, Day, Reavis & Pogue, Cleveland, Ohio, for defendants; Daniel G. Galant, General Motors Corp., Detroit, Mich., William D. Wendell, Amerman, Burt & Jones Co., L.P.A., Canton, Ohio, of counsel.

## ORDER OVERRULING DEFENDANT GENERAL MOTORS' MOTION FOR SUMMARY JUDGMENT

KRENZLER, District Judge.

Plaintiff James Viars is an employee of General Motors Corporation ("General Motors") at its Lordstown, Ohio Metal Fabricating Plant. He was injured on September 16, 1983, when the forklift truck he was operating suddenly engaged itself and ran over his foot.

Plaintiffs filed their complaint in the Court of Common Pleas, Mahoning County, Ohio, on September 11, 1985. This case subsequently was removed to this Court by the defendants. Defendants allege this Court has diversity jurisdiction over this suit pursuant to 28 U.S.C. §§ 1332 and 1441. In Count One, plaintiffs allege that General Motors intentionally injured James Viars. Their claim is based on allegations that the seat brake on the forklift truck James Viars was operating was not working at the time of the accident, and that the accident occurred after one or more electrical contacts, which control the operation of the truck, malfunctioned. Plaintiffs further allege that General Motors failed to repair or maintain the seat brake and electrical contacts.

Plaintiffs also have sued Pettibone Mercury Corporation ("Pettibone"), the manufacturer of the forklift truck involved in James Viars' injury. In Count Two of the complaint, plaintiffs allege claims of negligence and strict liability against Pettibone. By Order of March 6, 1986, this Court stayed all proceedings against Pettibone "due to Pettibone's filing under Chapter 11 of the Bankruptcy Code...."

Finally, in Count Three of the complaint, Sandra Viars has brought a claim for loss of consortium. This claim is a derivative cause of action based on her husband's primary claims against the defendants.

Defendant General Motors has filed a motion for summary judgment. In its motion, defendant contends that there is no basis for plaintiffs' intentional tort claim against General Motors for three principal reasons. First, defendant argues that plaintiffs' claims are barred by the one-year statute of limitations set forth in Ohio Rev.Code Ann. § 4121.80(A). Second, defendant asserts no facts indicate that General Motors deliberately injured James Viars or acted with knowledge or belief

that his injury was substantially certain to occur. Finally, defendant contends that James Viars' knowledge and voluntary assumption of the risk of his injury bars plaintiffs' alleged claims.

In their response brief, plaintiffs have made three arguments in opposition to the defendant's motion for summary judgment. First, they assert that Ohio Rev.Code Ann. § 4121.80, which by its terms expressly governs this action, is an unconstitutional retroactive law under Article II, Section 28 of the Ohio Constitution. Plaintiffs have not challenged the constitutionality of § 4121.80 under the United States Constitution. Second, they argue that a genuine issue of fact exists as to whether General Motors had knowledge that plaintiff James Viars' injury was "substantially certain" to occur. Finally, plaintiffs contend that General Motors' affirmative defense of assumption of the risk is no longer available under Ohio law and, even if it were available, a factual issue is present as to whether James Viars actually knew or appreciated the risk of harm in attempting to repair the forklift truck.

For the reasons provided below, this Court overrules defendant General Motors' motion for summary judgment.

Section 35, Article II of the Ohio Constitution, serves as the basis for legislative enactments in the area of workers' compensation. In *Blankenship v. Cincinnati Milacron Chemicals, Inc.*, 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572, *cert. denied*, 459 U.S. 857, 103 S.Ct. 127, 74 L.Ed.2d 110 (1982), the Ohio Supreme Court first addressed the issue of whether the Ohio Workers' Compensation Act, Ohio Rev.Code Ann. §§ 4123.35, *et seq.*, was intended to cover an intentional tort committed by employees against their employers. Prior to *Blankenship*, it was generally accepted that intentional torts committed by employers against their employees fell within the general statutory rule that an employee's exclusive remedy for work-related injuries is workers' compensation benefits. *See* Ohio Rev.Code Ann. §§ 4123.74, 4123.741.

In *Blakenship*, the Ohio Supreme Court held:

An employee is not precluded by Section 35, Article II of the Ohio Constitution, or by R.C. 4123.74 and 4123.741 from enforcing his common law remedies against his employer for an intentional tort.

*Id.* at 608 (Syllabus). *See also Jones v. VIP Development Co.*, 15 Ohio St.3d 90, 15 O.B.R. 246, 472 N.E.2d 1046 (1984). Thus, *Blankenship* created an exception for employees to sue their employers for intentional torts. The Ohio Courts applied the two-year statute of limitations for bodily injuries, as set forth in Ohio Rev.Code Ann. § 2305.10, to *Blankenship* intentional tort actions. *See, e.g., Ball v. Victor K. Browning & Co.*, 21 Ohio App.3d 175, 21 O.B.R. 186, 487 N.E.2d 326 (Ashtabula Cty. App.1984); *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 13 O.B.R. 8, 467 N.E.2d 1378 (Erie Cty.App.1983).

In response to the Ohio Supreme Court's decisions in *Blankenship* and *Jones*, the Ohio General Assembly enacted the Workers' Compensation Reform Act ("Reform Act"), which consisted of comprehensive statutory revisions to various portions of the Ohio Workers' Compensation law. These revisions were signed into Ohio law on May 23, 1986, and became effective on August 22, 1986.

Section 4121.80 of the Reform Act legislatively guarantees and defines the right of Ohio employees to maintain a common law action resulting from an employer's intentional tort. In § 4121.80(A), the General Assembly made the policy decision that employees eligible for workers' compensation benefits and intentionally injured by their employers can maintain a cause of action against their employers if brought within a one-year limitations period. Section 4121.80(A) provides in relevant part:

Any action pursuant to this Section shall be brought within one year of the employee's death or the date on which the employee knew or through the exercise of reasonable diligence should have known of the injury, disease, or condition, whichever date occurs first.

Furthermore, § 4121.80(H) expressly states that § 4121.80 applies to all actions, such as the instant case, pending on its effective date:

> This Section applies to and governs any action based upon a claim that an employer committed an intentional tort against an employee pending in any court on the effective date of this Section and all claims or actions filed on or after the effective date, notwithstanding any provisions of any prior statute or rule of law of this state.

In the instant case, the Court must decide whether to apply the two-year statute of limitations in effect at the time of James Viars' injury, or the one-year statute of limitations subsequently enacted by the Ohio General Assembly. James Viars was injured on September 16, 1983. Defendant contends that since plaintiffs' complaint was not filed until September 11, 1985, plaintiffs' claims against General Motors are time-barred by the retroactive application of the one-year statute of limitations, pursuant to § 4121.80(A) and (H).

In their brief in opposition, plaintiffs contend that their cause of action against General Motors is controlled by the two-year statute of limitations provided in Ohio Rev. Code Ann. § 2305.10. They argue that the application of § 4121.80(A) and (H) to the instant case would eliminate plaintiffs' cause of action, which had been properly initiated under the then existing statute of limitations. According to the plaintiffs' argument, such a retroactive application of a statute of limitations is violative of Article II, Section 28 of the Ohio Constitution, which provides in relevant part: "The General Assembly shall have no power to pass retroactive laws...."

The statute of limitations issue would have been a simple one if the General Assembly had enacted § 4121.80 before the Ohio Supreme Court had issued its *Blankenship* decision. Under this scenario, the General Assembly would have been creating a new cause of action for employees for intentional torts committed by their employers. Applying the one-year statute of limitations of § 4121.80(A) retroactively under such a scenario would not have been inequitable. The case at hand, however, becomes more complicated because of the *Blankenship* decision. In the period between the Ohio Supreme Court's decision in *Blankenship* and the General Assembly's enactment of the Reform Act, employees relied on the two-year statute of limitations under Ohio Rev.Code § 2305.10 as the period in which to bring intentional tort actions against their employers. In this interim period between *Blankenship* and the Reform Act's enactment, some employees filed cases within two years of their injuries; other employees may not yet have filed suit, but may have relied on the two-year limitations period as the proper time in which to bring a timely suit.

Previously, in *Scardina v. Wood*, 649 F.Supp. 793 (N.D.Ohio 1986), this Court established rules it would follow when deciding whether to retroactively apply a shortened statute of limitations period. The question here is whether to apply the established law or reliance rule, which calls for nonretroactive application, or the unsettled law or new cause of action rule, which calls for retroactive application. This case is particularly complex because it involves both unsettled and settled principles of law, and both legislative actions and court decrees.

Under the unusual circumstances of this case, the Court concludes that because of *Blankenship* and the reliance of employees on the two-year limitations period prior to the enactment of the Reform Act, the reliance rule predominates over the unsettled law rule. Thus, the Court refuses to retroactively apply the one-year statute of limitations, provided in § 4121.80(A), in the instant case. The Court notes, however, that the one-year statute of limitations governs employees' causes of action against their employers for intentional torts accruing after the effective date of the Reform Act.

For the foregoing reasons, this Court concurs with plaintiffs' position. While the Ohio Supreme Court has not yet ruled on the constitutionality of § 4121.80, this Court finds that the retroactive application

of the one-year statute of limitations, as set forth in § 4121.80(A), to cases pending on the effective date of the revisions to the Ohio Workers' Compensation law, pursuant to § 4121.80(H), is unconstitutional under Article II, Section 28 of the Ohio Constitution.

A cause of action existing at the time of an amendment to a statute of limitations is a vested substantive right. *See Gregory v. Flowers*, 32 Ohio St.2d 48, 54, 61 O.O.2d 295, 290 N.E.2d 181 (1972). Under Ohio law, the retroactive application of a statute of limitations which operates to destroy an accrued substantive right conflicts with Article II, Section 28 of the Ohio Constitution. *Id.* at 58. Therefore, this Court finds that plaintiffs' complaint was timely filed.

Upon consideration of defendant's two remaining grounds for summary judgment, this Court concludes that genuine issues of material facts exist regarding whether General Motors had knowledge that plaintiff James Viars' injury was "substantially certain" to occur, and whether James Viars actually knew or appreciated the risk of harm in attempting to repair his forklift truck.

Accordingly, the Court overrules defendant General Motors Corporation's motion for summary judgment.

IT IS SO ORDERED.