This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, John H. Harris and Harold L. Harris, appeal from the decision of the Summit County Court of Common Pleas, which found in favor of Appellees, Henry Oliver and Oliver and Sons. We affirm.
On January 4, 2000, Appellants filed a complaint requesting injunctive relief and compensatory damages due to Appellees' alleged breach of an oral agreement to rent property. Appellants subsequently moved the court to compel discovery and, in the alternative, moved for summary judgment. Approximately one month later, Appellants moved to hold Appellees in contempt for failure to comply with the court's discovery order. Appellants captioned their motion as one for summary judgment. The trial court did not rule on the motions for summary judgment. Following a trial, the court rendered judgment in favor of Appellees and dismissed the case. Appellants timely appealed, raising three assignments of error which have been rearranged for ease of review.
 ASSIGNMENT OF ERROR III [THE] TRIAL COURT ERRED WHEN IT OVERRULED APPELLANTS [sic.] MOTION FOR SUMMARY JUDGEMENT [sic.] BECAUSE THE STATUTE OF LIMITATIONS HAD NOT EXPIRED.
In their third assignment of error, Appellants argue that the trial court erred in denying their motion for summary judgment on the basis that the statute of limitations barred their claim. Specifically, Appellants contend that the statute of limitations did not begin to run until the year 2000 when the State ordered Appellants to clean up the environmental damage caused by Appellees' abandonment of tires on the property. We disagree.
Initially, this court notes that the trial court order from which Appellants appeal did not consider or address Appellants' motions for summary judgment. In fact, on the day of trial, the court stated that it would not rule on the motions for summary judgment since the trial was scheduled to begin. Therefore, this is not an appeal from the denial of a motion for summary judgment. Following the trial, the court journalized its findings of fact and conclusions of law and rendered judgment in favor of Appellees. Consequently, we construe this assignment of error as a challenge to the trial court's judgment and dismissal of the case based on the conclusion of law that Appellants' claim was barred by the statute of limitations.
"To determine whether a cause of action is time-barred, this Court must ask three questions: (1) what is the nature of the claim being asserted; (2) what statute of limitations applies to the claim; and (3) when did the cause of action accrue." Saltis v. Lakes Heating AirConditioning, Inc. (Mar. 21, 2001), Summit App. No. 20216, unreported, at 4. When examining the initial question, courts must look to the actual nature or subject matter of a complaint, and not the form of the pleading, in order to determine the initial statute of limitations. Ballv. Victor K. Browning Co. (1984), 21 Ohio App.3d 175, 177. Thus, "[t]he grounds for bringing the action are the determinative factors, the form is immaterial." Hambleton v. R.G. Berry Corp. (1984),12 Ohio St.3d 179, 183.
Next, based on the type of claim, a court must identify the proper statute of limitations. Finally, a court must examine the facts of the individual case to determine the date upon which the claim accrued. A cause of action accrues the moment the right to commence an action comes into existence, i.e., whenever a breach of contract has occurred, which gives a right to bring and sustain a suit. Kotyk v. Rebovich (1993),87 Ohio App.3d 116, 121. A breach occurs upon any failure to perform a contractual duty. Id. Thus, the cause of action arises when the plaintiff discovers the omission to perform as agreed in the oral contract. Id.
Appellants' complaint asserted a claim for breach of an oral contract. Specifically, pursuant to the oral agreement, Appellants sought to recover outstanding rental payments and reimbursement for the cleanup expense of debris and the removal of tires from the property. Therefore, the action was one designed to collect an amount owed on an oral contract. R.C.2305.07 provides that an action based upon an oral contract must be commenced within six years after the cause accrues.
Our review of the record reveals that in 1976 Appellees entered into an oral agreement with John Harris to rent the property from Harris for $35 per month. Appellees used the land to operate a business which included hauling and scrapping cars. Harold Harris testified that in January 1993 his father, John Harris, received notification from the Summit County General Health Department that it had conducted a re-inspection of the property in question and found it was still in violation of R.C. 3734.03, which prohibits the open dumping of solid wastes. Subsequently, John Harris initiated legal proceedings against Appellees, which resulted in an order evicting Appellees from the property. The eviction letter, dated November 23, 1993, stated that Appellees were to remove all of their property from the land by December 3, 1993. Harold Harris stated that his father evicted Appellees due to the property being in violation of the revised code and "being left in an unlawful manner."
John Harris testified that he evicted Appellees in 1993 due to the following:
 THE WITNESS: Well, at the time, that's when the law changed, and [the Summit County General Health Department] was coming after me to clean the property up because at that time, there was a law against abandoned tires and stacks of tires on the property.
* * *
 THE WITNESS: Well, I thought Mr. Oliver would come and do his share, come and help me clean it up. If he had come and helped me clean it up, we could have settled the matter that way. But he wouldn't cooperate.
According to the record and Appellants' testimony, Appellants knew as early as November 23, 1993, that Appellees had allegedly failed to perform as agreed in the oral contract. Significantly, the testimony indicates that Appellants were aware at the time of the eviction that the property in question was in violation of the revised code section which prohibited the dumping of solid waste. In this case, the solid waste was 30,000-50,000 rubber tires. Therefore, the cause of action for breach of the oral agreement accrued as early as November 23, 1993. Appellants had only until November 23, 1999, at the latest, to assert a contract action against Appellees. Appellants filed the instant action on January 4, 2000. Consequently, Appellants' filing was untimely and the trial court properly ruled that the Appellants' claim for breach of oral contract was barred by the statute of limitations. Appellants' third assignment of error is overruled.
 ASSIGNMENT OF ERROR I [THE] TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S [sic.] MOTION FOR SUMMARY JUDGEMENT [sic.] BECAUSE THERE WAS NO GENUINE ISSUE OF FACT.
 ASSIGNMENT OF ERROR II [THE] TRIAL COURT ERRED WHEN IT OVERRULED APPELLANTS [sic.] MOTION FOR SUMMARY JUDGEMENT [sic.] BECAUSE
APPELLANT[S] DID NOT HAVE POSSESSION OR CONTROL OF [THE] PROPERTY.
In light of our decision in Appellants' third assignment of error that the trial court properly found that Appellants' claim was barred by the statute of limitations, we need not address Appellants' remaining assignments of error.
Appellants' third assignment of error is overruled. Appellants' first and second assignments of error are not addressed based on our finding in the third assignment of error. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
WILLIAM G. BATCHELDER, SLABY, J., WHITMORE, J. CONCUR.