COPELAND, Appellant,

v.

DELVAUX et al., Appellees.

[Cite as *Copeland v. Delvaux* (1993), 89 Ohio App.3d 1.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–389.

Decided March 12, 1993.

Paul F. Stutz, for appellant.

James S. Adray, James D. Caruso, Steven R. Smith, R. Jeffrey Lydy and John S. France, for appellees.

*Per Curiam.*

This is an appeal from a summary judgment granted by the Lucas County Court of Common Pleas in favor of defendants-appellees, John K. Pardee, Maureen Murphy, Richard Milliner, and Elaine and Wallace Delvaux.

Plaintiff-appellant, Philip D. Copeland, sets forth two assignments of error as follows:

"1. Trial court below erred in granting summary judgment in this case on ground that statute of limitations had expired due to plaintiff/appellant's discovery of fraud and consequent injury prior to March 9, 1986.

"2. Trial court erred in characterizing appellants [sic] injury (one of five components of fraud) as either

"(a) the loss of parenthood (pg. 6, lines 19–20, of Decision/Opinion),

"(b) the discovery (or should have discovered) of the fraudulent loss of his son's custody, companionship, support and affection (pg. 6, last three lines of Decision/Opinion),

"(c) going to lawyer (pg. 8, line 4 & 5 of Decision/Opinion)."

After carefully reviewing the entire record that was before the trial court on summary judgment, this court finds that the findings and conclusions set forth by the trial court in its Opinion and Judgment Entry filed on October 25, 1991 and its Judgment Entry and *Nunc Pro Tunc* Order filed on January 10, 1992, are an accurate statement of the facts in this case and disposition of the issues raised by

appellant. We therefore adopt the trial court's opinion and judgment entries as our own. See Appendices A and B.

Accordingly, appellant's assignments of error are not well taken, and the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

ABOOD, MELVIN L. RESNICK and SHERCK, JJ., concur.

### Appendix A

### Opinion and Judgment Entry

SKOW, Judge.

This cause is before the court upon the cross-motions for summary judgment of plaintiff Philip D. Copeland, and defendants Mr. and Mrs. Wallace Delvaux, Richard Milliner, John K. Pardee III and Maureen Murphy. Upon consideration of the arguments of counsel, summary judgment evidence and applicable law, Copeland's motion for summary judgment is denied and the defendants' motions for summary judgment are granted.

### I

The facts in this case as determined by the Sixth District Court of Appeals [1] include the following. On March 29, 1985, a pregnant Maureen Murphy filed an application to place her unborn child for adoption in the Wood County Probate Court. In the same court on April 5, 1985, Murphy filed a consent to adoption, which was approved. On April 22, 1985, Murphy gave birth to Baby Boy Murphy in Parkview Hospital, Toledo, Ohio.

Murphy filed a second consent to adoption on May 17, 1985, also in Wood County. Mr. and Mrs. Wallace Delvaux, Jr., the then prospective and unnamed adoptive parents, filed a petition for adoption in Wood County on August 29, 1985. Following a November 25, 1985 hearing, placement of Baby Boy Murphy with the Delvauxs was approved.

Plaintiff Copeland filed a motion to intervene in the adoption proceedings on June 12, 1986, stating that he was an interested person within the scope of Civ.R. 24. Copeland had been adjudged the natural father of Baby Boy Murphy by the Juvenile Division of the Lucas County Court of Common Pleas in a judgment entry filed May 19, 1986. On February 13, 1987, Copeland filed a motion in

---

1. *In re Adoption of Baby Boy Murphy* (1988), 53 Ohio App.3d 14, 557 N.E.2d 827.

4

Wood County to set aside any orders of adoption pertaining to Baby Boy Murphy.

The matter was heard in the Wood County Probate Court on April 22 and 23, 1987. In a judgment entry filed June 17, 1987, the court found that the matter was properly before it and that Copeland's consent was not required for the adoption. From this opinion, Copeland appealed. The Sixth District Court of Appeals reversed the Wood County Probate Court and held that the Wood County Probate Court lacked jurisdiction over the adoption of Baby Boy Murphy. The court further mentioned that "actionable fraud attended the placement and initial adoption proceedings of Baby Boy Murphy in the Wood County Probate Court." *In re Adoption of Baby Boy Murphy, supra.*

On March 6, 1990, Copeland filed the present complaint, alleging that the defendants had engaged in a fraudulent adoption.[2] Copeland also alleged negligent and intentional infliction of emotional distress. The latter allegations were dismissed in an opinion dated September 21, 1990.

## II

The general rules governing motions for summary judgment filed pursuant to Civ.R. 56 are well established. In *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47, the Supreme Court of Ohio stated the requirements that must be met before a motion for summary judgment can be granted:

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

"The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." (Footnote omitted.) See, also, *Johnson v. New London* (1988), 36 Ohio St.3d 60, 61, 521 N.E.2d 793, 794–795.

---

2. At no time has Copeland tried to obtain the custody of Baby Boy Murphy. In fact, the child in question (now six and one-half years old) has continued to reside with the defendant Delvauxs. Plaintiff has had visitation and companionship with the youngster, but it is not clear if he has provided financial support to the Delvauxs.

### III

The issue critical to all of the motions for summary judgment is whether Copeland's complaint was filed within the appropriate statute of limitations for fraud. Copeland argues[3] that the statute of limitations period does not begin to run until accrual of the cause of action, not discovery of the fraud. Copeland claims that accrual occurs only when all the elements of fraud[4] are met. Copeland argues that the final element, injury, was not established until June 17, 1987, when the Wood County Probate Court decided that his consent to the adoption was not required. The defendants contend that a cause of action for fraud accrues when the fraud is discovered. Defendants claim that Copeland's injury was the loss of his child's custody, companionship and affection as alleged in Copeland's complaint. Defendants argue that Copeland discovered the alleged fraud prior to March of 1986; thus, his complaint is time barred.

The applicable statute of limitations for fraud is set forth in R.C. 2305.09. R.C. 2305.09 provides as follows:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

" * * *

"(C) For relief on the ground of fraud[.]

" * * * [T]he cause[ ] thereof shall not accrue * * *, if [the action] is for fraud, until the fraud is discovered."

Thus, a cause of action for fraud does not accrue until the fraud is discovered. Discovery is actual discovery, or what might by the exercise of due diligence have been discovered. *Kettering v. Berger* (1982), 4 Ohio App.3d 254, 261, 4 OBR 471, 478–479, 448 N.E.2d 458, 465–466. "No more than a reasonable opportunity to discover the fraud is required to start the period of limitation." *Au Rustproofing*

---

3. Copeland's arguments are set forth in a document styled "Motion Of Plaintiff For Summary Judgment/Declaratory Judgment That Present Action Not Barred By Statute of Limitations." The motion is treated as one for summary judgment.

4. The elements of fraud are:
"(a) a representation or, where there is a duty to disclose, concealment of a fact,
"(b) which is material to the transaction at hand,
"(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
"(d) with the intent of misleading another into relying upon it,
"(e) justifiable reliance upon the representation or concealment, and
"(f) a resulting injury proximately caused by the reliance." *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 23 OBR 200, 491 N.E.2d 1101, paragraph two of the syllabus.

*Ctr., Inc. v. Gulf Oil Corp.* (C.A.6, 1985), 755 F.2d 1231, 1237, citing *Gaudin v. K.D.I. Corp.* (S.D.Ohio 1976), 417 F.Supp. 620, 629, affirmed (C.A.6, 1978), 576 F.2d 708. "Information sufficient to alert a reasonable person to the possibility of wrongdoing gives rise to a party's duty to inquire into the matter with due diligence." *Au Rustproofing Ctr., Inc., supra,* at 1237, citing *Militsky v. Merrill Lynch, Pierce, Fenner & Smith* (N.D.Ohio 1980), 540 F.Supp. 783, 787.

This court agrees with Copeland's argument that all of the elements of a cause of action for fraud must be established before the action accrues. However, the court does not agree with Copeland's characterization of his injury. It is inherent in a fraudulent adoption that the injury involved is the loss of parenthood. Indeed, plaintiff alleged in his complaint that he was deprived "of his constitutional right to custody, companionship, support and affection of Baby Boy Murphy, to which he was, and is, entitled to as father of Baby Boy Murphy." (Complaint, at para. 2). Thus, Copeland's point of injury was when he discovered or should have discovered the fraudulent loss of his son's custody, companionship, support and affection.

The facts as given by Copeland in his deposition[5] are as follows. Approximately six weeks after the two had sexual intercourse, Murphy told Copeland that she was pregnant and that he was the father of the child. Before the baby was born, Murphy told Copeland that they would have to get married or she would put the child up for adoption. Murphy stated that Copeland would receive papers to sign giving his consent to the adoption. Copeland told Murphy that he would not sign the papers. In the summer of 1985, Murphy told Copeland that the child had been born and that she had placed the child for adoption. In September or October of 1985, Copeland spoke with his attorney about the child and the situation. At that time, Copeland did not know if the child was his, nor had he received any papers to sign from Murphy or Murphy's attorney.

While Copeland's amended complaint alleges that he learned of the adoption only in January 1986, the undisputed evidence shows that he was notified of the adoption in the summer of 1985 when Murphy told him of it. Obviously, Copeland had sufficient information to know that he had not given his consent to the adoption and that he had lost or could lose his rights as a father. Copeland did not need a legal conclusion by a court that the child was his. He only needed

---

5. Copeland submits an affidavit where he states that prior to February 1987, he had "no knowledge or awareness that fraud was involved in the adoption." The court will not consider Copeland's legal conclusion regarding fraud. Copeland also argues that defendants Mr. and Mrs. Wallace Delvaux have submitted evidence with their motion for summary judgment that is not listed in or contemplated by Civ.R. 56(C). The court reaches its decision without the use of such evidence.

notice that the child could be his. Murphy gave him that notice early in the pregnancy. Nor did Copeland need a court to tell him that he was injured or that fraud had occurred. Indeed, just going to a lawyer is evidence that he was injured. At the latest, Copeland was on notice of the possibility of losing his parental rights in September or October of 1985 when he spoke with his attorney. Thus, the statute of limitations had expired prior to the filing of Copeland's complaint in March 1990. Accordingly, the defendants'[6] motions for summary judgment are granted.

## Judgment Entry

It is ordered that plaintiff Philip D. Copeland's motion for summary judgment is denied.

It is further ordered that the motions for summary judgment of defendants Mr. and Mrs. Wallace Delvaux, Richard Milliner, John. K. Pardee III and Maureen Murphy are granted and all of the defendants are dismissed from the case.

October 25, 1991

/s/   William J. Skow
William J. Skow, Judge

## Appendix B

## Judgment Entry and *Nunc Pro Tunc* Order

This matter is before the court for ruling on plaintiff's motion for a stay of proceedings in entirety (as to defendant Delvauxs' crossclaims against defendant Pardee), and plaintiff's motion for a *nunc pro tunc* entry adding CivR 54(B) language to the court's judgment entry of October 25, 1991, which granted the motions for summary judgment of the various defendants herein as to all matters in plaintiff's complaint. The motion for a stay of proceedings in entirety is found not well taken and is therefore denied. The motion for a *nunc pro tunc* order is found well taken and is therefore granted. Accordingly, and in conjunction with the court's summary judgment entry of October 25, 1991, this court finds, now for then, that there is no just reason for delay.

In so ruling, this court notes that it was then the intention of the court to incorporate Civ.R. 54(B) language into the October 25, 1991 entry, but that it was inadvertently deleted from the final draft of the decision. Further, this court

---

6. The record is devoid of any evidence of fraud on the part of defendants Mr. and Mrs. Wallace Delvaux and Richard Milliner. However, there would have been an arguable claim against defendant John Pardee had the limitations period not run.

notes that Civ.R. 54(B) language is and was appropriate because the court's earlier ruling disposed only of all claims of plaintiff as against all defendants arising out of the disputed adoption action which formed and forms the basis of this case. What remains are the crossclaims of defendants Delvaux for indemnity on plaintiff's now-rejected claims, and for legal malpractice against defendant Pardee. This latter claim clearly stands alone, independent of any of plaintiff's claims (rejected or not), and as such is eminently triable separately, regardless of any future action taken by the court of appeals in regard to plaintiff's claims.

Parenthetically, this court also notes that today it vacated the trial date of January 15, 1992 as to defendant Delvauxs' crossclaims, and reset it for trial on June 23, 1992 at 9:00 a.m.

January 10, 1992

/s/ William J. Skow
Judge William J. Skow