OPINION
Plaintiff-appellant, Dale George Patterson (Patterson), appeals a decision rendered by the Mahoning County Court of Common Pleas whereby the trial court granted summary judgment in favor of defendants-appellees, Boardman Baptist Church (Boardman Baptist), Burgan Real Estate (Burgan), and Eve D. David (David).
In 1993, Patterson began to make inquiries concerning the possibility of purchasing the vacant lot now known as 5300 Lockwood Boulevard in Boardman. David owned the property, and listed the property with Burgan. In July of 1993, Patterson executed a written purchase agreement with David to purchase the vacant lot. The real estate purchase contract did not reference or warrant the existence of any utilities. Patterson contends that David orally warranted the property to contain a public waterline. David contends that she made no such warranty of utilities. Patterson also contends that Burgan warranted the land in the condition as described by David.
In September of 1993, Patterson began construction on the vacant lot. Shortly thereafter Boardman Baptist, the adjoining landowner, notified Patterson that there was no public waterline on his property.
Boardman Baptist told Patterson that it would permit him to tap into its private waterline. Patterson testified that Boardman Baptist led him to believe that this "tap in" agreement was approved by the City of Youngstown. Patterson agreed to pay Boardman Baptist $1,000 to tap into the waterline.
Patterson notified Burgan that there was no public waterline on the property. In turn, Burgan contacted David and requested that David pay for half of Patterson's expenses in hooking up the waterline. David refused to do so, and claimed that she did not know that the property was not equipped with a public waterline. Patterson tapped into Boardman Baptist's waterline.
Patterson finished construction of the house and thereafter attempted to sell the house. In October 1996, Patterson noticed that the water to his property had been shut off. Patterson was informed by Boardman Baptist that the water to both properties had been turned off by the City of Youngstown because Boardman Baptist's private waterline was only licensed and permitted to service one, not two houses. Thereafter, Boardman Baptist terminated its agreement to provide water to Patterson.
Patterson contacted Gene Leson, Chief Engineer for the Water Department. Leson notified Patterson that his agreement to tap into Boardman Baptist's waterline was illegal. Leson stated that the only way to bring water to Patterson's lot would be through a waterline extension. Leson stated that the waterline extension would cost Patterson between $8,000 and $12,000.
On January 15, 1998, Patterson filed a complaint against Boardman Baptist, Burgan, and David for damages totaling $25,000. Patterson's complaint did not explicitly state the cause of action that he was suing upon. Each of the defendants filed separate answers. In addition, Burgan filed a cross-claim against David seeking contribution. David denied the allegations set forth in Burgan's cross-claim. The case was set for trial on November 29, 1999.
Burgan filed for summary judgment against Patterson on January 22, 1999, and was followed thereafter by Boardman Baptist and David who also filed for summary judgment against Patterson.
In response to defendants' summary judgment motions, Patterson sought leave to amend his complaint on April 2, 1999, and thereafter on April 6, 1999, Patterson filed a motion in opposition to the defendants' summary judgment motions.
The trial court granted summary judgment in favor of all of the defendants. In a judgment entry filed April 27, 1999, the trial court held:
 "On April 2, 1999 Plaintiff Dale George Patterson filed a Motion for Leave to File an Amended Complaint. Plaintiff's motion is denied as not being timely. All defendants had previously filed Motions for Summary Judgment alleging the statute of limitation of fraud (four years) and other issues in support.
 "Plaintiff's original Complaint filed January 15, 1998 is vague as to a cause of action. However, it (the Complaint) sounds in fraud or fraudulent inducement. Although `contract' is mentioned in Plaintiff's paragraph 1 of the Complaint, no other indicia of a Complaint in Contract, is evident including compliance with Ohio Civil Rule 10. The date of `contract' was June 3, 1993 when Plaintiff purchased the subject real estate. In September 1993, Plaintiff discovered that there was no public water line [sic] to the premises and, in fact, during November 1993, Plaintiff apparently tied into a water line [sic] from the Defendant Boardman Baptist Church in what was later determined to be illegal.
 "The Court finds that as far as fraud or fraudulent inducement is concerned, Plaintiff's Complaint, the Answer(s) filed, Motions for Summary Judgment and attachments, including Plaintiff's deposition, when based upon the law, arguments and facts submitted by each party, Summary Judgment is appropriate for all Defendants. More than four years has passed from the date of discovery until the date of filing. There being no just reason for delay, all the Motions for Summary Judgment of the Defendants are sustained and Plaintiff's Complaint is dismissed with costs to Plaintiff."
On May 25, 1999, Patterson filed this timely notice of appeal.
Patterson's first assignment of error states:
 "THE COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF ALL DEFENDANTS."
In Patterson's first assignment of error, Patterson argues that the trial court erred in granting summary judgment in favor of Burgan, Boardman Baptist, and David. Patterson sets forth two rationales in support of this argument.
First, Patterson argues that the trial court erred in granting defendants' motions for summary judgment because the trial court erroneously applied the four-year fraud statute of limitations as opposed to the fifteen-year contract statute of limitations. Patterson contends that David and Burgan warranted the property to have city water and sanitary sewer. Patterson points to the brokerage agreement between David and Burgan that lists the property as having city water. Patterson contends that the suit was initiated on the basis of a contract, and as such, the trial court should have applied the fifteen-year contract statute of limitations.
The Ohio Supreme Court set out the standard for considering motions for summary judgment in Dresher v. Burt (1996),75 Ohio St.3d 280. The court stated:
 "* * * we hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence [emphasis sic] of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id. at 293.
Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law.State ex rel. Parsons v. Flemming (1994), 68 Ohio St.3d 509,511. When reviewing a summary judgment case, appellate courts are to apply a de novo standard of review. Cole v.American Indus. and Resources Corp. (1998), 128 Ohio App.3d 546,552.
In determining the proper statute of limitations to apply, it is "well settled that courts are obliged to look to the underlying nature of the cause rather than to rely simply on its form in the complaint." Palm Beach Co. v. Dun Bradstreet, Inc. (1995),106 Ohio App.3d 167, 174 citing Hunter v. Shenango Furnace Co. (1988),38 Ohio St.3d 235, 237. As noted by the Ohio Supreme Court inHunter:
 "In determining the applicable statute of limitations in a given action, this court held that the crucial consideration is the actual nature or subject matter of the cause, rather than the form in which the complaint is styled or pleaded." Hunter, 38 Ohio St.3d at 237.
After reviewing the record and issues in a de novo
manner, the trial court did not err by applying the four-year fraud statute of limitations to Patterson's claims against Davis, Burgan, and Boardman Baptist.
Applying the law to the present facts, the subject matter of the action alleged in Patterson's complaint is one sounding in fraud rather than breach of contract. As noted in Hunter, the crucial manner in determining the applicable statute of limitations in a given action is the actual nature or subject matter of the cause at issue. Hunter, 38 Ohio St.3d at 237. A thorough review of Patterson's complaint shows that it is founded upon basic fraudulent acts such as conspiracy, fraudulent representation, fraudulent inducement, and reliance on such misrepresentations. Clearly the matter alleged in Patterson's complaint is fraud.
As noted, Patterson's complaint sounds entirely of fraud. Although Patterson does refer once throughout his entire complaint to a contract, Patterson's complaint does not state the terms of the contract, whether a breach occurred, or what particular breach of the contract occurred. Patterson attached the written real estate purchase contract to his motion in opposition to summary judgment, however as noted supra, the purchase contract makes no reference, whatsoever, to a warranty of utilities.
Because Patterson's complaint sounds in fraud, the trial court did not err in its grant of summary judgment by applying the four-year fraud statute of limitations rather than the fifteen-year contract statute of limitations.
Patterson next argues that the trial court erred in granting defendants' motion for summary judgment because the trial court erred in calculating the proper accrual date for the fraud statute of limitations. Patterson argues that the trial court erred in determining that the statute of limitations began to run in 1993, the point at which Patterson realized there was no city waterline on his property. Patterson contends that the statute of limitations began to accrue in 1996 when the City of Youngstown shut off the private waterline and water supply to his land.
As noted supra, this court reviews the trial court's grant of summary judgment on a de novo basis.
R.C. 2305.09 provides in relevant part:
 "An action for any of the following causes shall be brought within four years after the cause thereof accrued:
"* * *
"(C) For relief on the ground of fraud;
"* * *
 "If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered."
"Thus, a cause of action for fraud does not accrue until the fraud is discovered. Discovery is actual discovery, or what might by the exercise of due diligence have been discovered." Copeland v. Delvaux (1993), 89 Ohio App.3d 1, 6, citing Kettering v. Berger (1982), 4 Ohio App.3d 254, 261.
A claim for fraud does not accrue until the wrongdoer and the fraud are discovered. Burr v. Stark Cty. Bd. of Commrs. (1986),23 Ohio St.3d 69, 76. "`No more than a reasonable opportunity to discover the fraud is required to start the period of limitation.'" Copeland, 89 Ohio App.3d at 6, quoting AuRustproofing Ctr., Inc. v. Gulf Oil Corp. (C.A.6, 1985),755 F.2d 1231, 1237, citing Guadin v. K.D.I. Corp. (S.D.Ohio 1976),417 F. Supp. 620, 629, affirmed (C.A.6, 1978), 576 F.2d 708. "`Information sufficient to alert a reasonable person to the possibility of wrongdoing gives rise to a party's duty to inquire into the matter with due diligence.'" Copeland,89 Ohio App.3d at 6, quoting Au Rustproofing Ctr., Inc., supra at 1237, citingMilitsky v. Merrill Lynch, Pierce, Fenner Smith (N.D.Ohio. 1980), 540 F. Supp. 783, 787.
Applying the law to the present facts, it is clear that the trial court did not err in determining that Patterson's action for fraud was filed outside of the four-year fraud statute of limitations. A thorough review of the record illustrates that the four-year statute of limitations began to accrue in 1993 and not 1996. The central premise behind Patterson's complaint is that the defendants fraudulently misrepresented to Patterson that the property in question had a public water supply. As noted in Patterson's deposition:
 Q "And you found out in September of `93 about the water problems?
A "Yes, when I started building.
 Q "And that's when you is it fair for me to say that's when you first discovered that the home did not have water as was represented?
 A "Yes. That's what I would say; it didn't have a public supply. It was a private line." (Emphasis added.) Patterson Dep. at 46.
In addition to admitting that the alleged fraud involved the misrepresentation as to the existence of a public water supply, Patterson also admitted to having discovered the alleged fraud in September of 1993. As elicited in Patterson's deposition:
 Q "You would agree with me you didn't file your complaint until January 1998?"
A "Yes."
 Q "So it went from September of 1993 when you first found out about the problem with the water until January of `98 before you filed your complaint?"
A "Yeah."
 Q "Is it fair for me to say in September of `93 that you realized that whatever Eve David told you about water wasn't true?"
* * *
A "Yes." (Emphasis added.) Id. at 46-47.
Based upon Patterson's own testimony, the four-year fraud statute of limitations began to accrue when Patterson learned that the property did not have a public water supply, ergo, when Patterson began excavation and construction of his house in September of 1993. As such, Patterson's complaint for fraud was untimely and filed outside of the statute of limitations.
Patterson's first assignment of error is without merit.
Patterson's second assignment of error states:
 "THE COURT ERRED IN FAILING TO PERMIT PLAINTIFF TO AMEND HIS PLEADING."
In Patterson's final assignment of error, Patterson argues that the trial court erred in denying his motion to amend the pleadings. Patterson argues that cases should be resolved on the merits, not upon pleading deficiencies.
Patterson argues that motions to amend pleadings should be granted in the absence of a showing of bad faith, undue delay, or prejudice to the opposing party. Patterson sought to amend his complaint to conform to the issues raised in the discovery process. As such, Patterson argues that the trial court erred in denying his motion to amend the pleadings.
Civ.R. 15(A) addresses the issue of amended pleadings. Civ.R. 15(A) provides in pertinent part:
 "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleadings only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires."
It is well established that a trial court's decision whether to grant a motion for leave to amend a complaint will not be reversed on appeal absent a showing of an abuse of discretion. Wilmington Steel Products, Inc. v. ClevelandElec. Illum Co. (1991), 60 Ohio St.3d 120, 122. An abuse of discretion connotes more than mere error of law; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Id. citing Huffman v. Hair Surgeon, Inc.
(1985), 19 Ohio St.3d 83, 87.
"The language of Civ.R. 15(A) favors a liberal policy when the trial judge is confronted with a motion to amend the pleadings beyond the time limit when such amendments are automatically allowed." Id. at 121-122. In spite of this liberal amendment policy, the movant is required to make two showings. First, the movant must establish a prima facie showing of support for the new matter sought to be pleaded, and second, the movant must show that the amendment is not simply a delaying tactic, nor one that would cause a prejudice to the defendant. Id. citing Solowitch v.Bennett (1982), 8 Ohio App.3d 115, 117. Where a movant fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion in denying a motion to amend the pleadings. Id. at 123.
Applying the law to the instant case, the trial court did not abuse its discretion in denying Patterson's motion to amend the pleadings. Despite the liberal amendment policy that governs the amendment proceedings, Patterson has failed to comply with the minimal amendment requirements as set forth in Solowitch. Patterson failed to introduce any evidence to the trial court of the new matters sought to be pleaded. Patterson's motion to amend the pleadings is barren of such evidence. Patterson's motion to amend the pleadings stated:
 "Now come [sic] the Plaintiff, DALE GEORGE PATTERSON, and moves this Court for an Order permitting the amendment of his complaint. Plaintiff states that Defendants, Boardman Baptist Church, Eve David, and Burgan Real Estate have filed Motions for Summary Judgment.
 "Based on discovery to date, Plaintiff pursuant to Civil Rule 15, is entitled to amend his complaint to conform to the evidence."
 "Wherefore, Plaintiff moves to amend his complaint and the amended complaint herewith."
Other than Patterson's mere allegations to recent discovery, Patterson failed to introduce any evidence of new matters sought to be pleaded. Therefore, the trial court acted within its discretion in denying Patterson's motion to amend the pleadings.
Accordingly, for the reasons stated herein, Patterson's second assignment of error is without merit.
For the aforementioned reasons, the judgment of the trial court is hereby affirmed.
COX, J., WAITE, J., concurs.