This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-Appellant Robert B. Joslyn has appealed from a judgment of the Medina County Court of Common Pleas, Probate Division, that dismissed his complaint seeking to vacate three adoption decrees. This Court affirms.
 I.
Robert B. Joslyn ("Appellant") and Michelle A. Reynolds ("Appellee") married on July 1, 1994. Appellee had three children from a prior marriage. On November 8, 1994, Appellant adopted each of Appellee's three children. The parties divorced on August 14, 1998. Pursuant to the divorce decree, Appellant was ordered to pay child support for each of the three children.
On July 30, 1999, Appellant filed an action under R.C. 3107.16 to vacate the adoption decrees of Appellee's three children on the ground of fraud, and for compensatory damages, including all previously paid child support. Appellee filed a motion to dismiss, arguing that even if the allegations in Appellant's complaint were true, Appellant failed to state a claim upon which relief can be granted. The trial court found that Appellant's complaint was barred by the one-year statute of limitations found in R.C. 3107.16(B), and that Appellant could not be granted relief because his action endeavors to hold Appellee liable based upon a promise of marriage or upon an obligation dependent upon or growing out of a contract for marriage. The court granted the motion and dismissed the complaint.
From the dismissal of his complaint, Appellant has appealed and has assigned three errors for this Court's review. Appellant has asserted that the trial court erred in granting Appellee's motion to dismiss pursuant to Civ.R. 12(B)(6) because the court: (1) erred in ruling that he was required to file his action within one year of the entry of the adoption decrees; (2) erred in ruling that the one-year statute of limitations began to run in July 1997; and (3) erred in determining that the children's best interests prevented vacating the adoptions.
 II.
This Court's review of a dismissal under Civ.R. 12(B)(6) is de novo.Hunt v. Marksman Prod., Div. of S/R Industries, Inc. (1995),101 Ohio App.3d 760, 762, appeal not allowed (1995), 73 Ohio St.3d 1427. This Court is bound to "presume that all factual allegations of the complaint are true and [to] make all reasonable inferences in favor of the non-moving party." Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192. Furthermore, this Court can only consider "the statements and facts contained in the pleadings[.]" Powell v. Vorys,Sater, Seymour Pease (1998), 131 Ohio App.3d 681, 684. This Court is prohibited from "consider[ing] or rely[ing] on evidence outside the complaint." Id. Before we can conclude that the trial court properly dismissed the complaint, it must appear beyond doubt that the plaintiff-appellant can prove no set of facts which would warrant a recovery. O'Brien v. Univ. Community Tenants Union (1975),42 Ohio St.2d 242, syllabus.
Appellant's complaint, filed nearly four and a half years after the decrees had been entered, sought vacation of the adoptions on the basis that Appellant had been fraudulently induced to marry Appellee and to adopt her children. Appellant asserts that Appellee's fraud had its origins in the early part of the parties' relationship — a relationship which began when Appellee was hired to care for Appellant, who is a quadriplegic. Appellant asserts that Appellee, who was married and had three children, began to ingratiate herself to Appellant, and began managing his money — which consisted of monthly annuity payments of over $10,000. Eventually, Appellee left her husband and she and her three children moved into Appellant's home. According to the complaint, Appellee immediately started spending large amounts of Appellant's money, and initiated a sexual relationship with him. Appellee told Appellant that she wanted to be married to him, that she, like he, believed marriage was a lifetime commitment, and that she wanted to spend her life with Appellant and her children as one family. Two years after Appellee and her children moved into Appellant's home, the couple married, and shortly thereafter, Appellant adopted Appellee's three children. However, Appellant says that it was not long before Appellee stopped providing Appellant the necessary care, and that she suddenly had no interest in a sexual relationship. She did, however, have a great interest in spending his money.
The relationship rapidly deteriorated. Appellee began engaging in adulterous affairs, and told Appellant's sister that she had married Appellant "only for her children and their security." The relationship became hostile, and Appellant feared for his life. Appellant's family intervened and transported Appellant to the hospital, while Appellee and one man with whom she was having an affair destroyed much of Appellant's property, including the wheelchair ramps at the house. Appellant went to live with his family. Appellee denied Appellant any contact with the children. The parties divorced and Appellant was ordered to pay $2,354.00 per month in child support. Appellant's complaint asserts that because Appellee "connived and plotted to get [him] to marry her and adopt her children and get his money, and falsely represented her intentions for the marriage and subsequent adoptions * * * inducing [him] to marry her and adopt her three children[,] * * * he has incurred damages including substantial financial damages for child support[.]"
While the allegations, which must be taken as true, are heart-wrenching, the issue, quite simply, is whether R.C. 3107.16(B) permits vacation of an adoption based on the facts as alleged in Appellant's complaint. This Court finds that it does not. We agree with the trial court's conclusion that "the nature of this action is one of the heart * * * based upon a promise of marriage or upon an obligation dependent upon, or growing out of, a contract of marriage and [is] not cognizable by law[.]"
R.C 3107.16(B) provides:
 Subject to the disposition of an appeal, upon the expiration of one year after an adoption decree is issued, the decree cannot be questioned by any person, including the petitioner, in any manner or upon any ground, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties or of the subject matter, unless, in the case of the adoption of a minor, the petitioner has not taken custody of the minor, or, in the case of the adoption of a minor by a stepparent, the adoption would not have been granted but for fraud perpetrated by the petitioner or the petitioner's spouse, or, in the case of the adoption of an adult, the adult had no knowledge of the decree within the one-year period.
(Emphasis added.)
Appellant has contended that the trial court erred in finding that his complaint is barred by the one-year statute of limitations. He has insisted that the language "the [stepparent] adoption would not have been granted but for fraud perpetrated by the * * * petitioner's spouse[,]" expressly provides for his claim because "if the Court had known that [Appellee] had married [Appellant] and induced him to adopt her three children only because of his money with no intention of staying married to him, it certainly would not have granted the adoption[s]."
There is no case law interpreting what "fraud" means in the context of the particular provision "the [stepparent] adoption would not have been granted but for fraud perpetrated by the * * * petitioner's spouse[.]" Courts have, however, permitted adoptions to be challenged on the basis of fraud in the general context. In those cases, the fraud has concerned either the consent of the birthparents, or the health or identity of the children. See Copeland v. Delvaux (1993), 89 Ohio App.3d 1; In reAdoption of Zschach (1996), 75 Ohio St.3d 648, cert denied (1996),519 U.S. 1028, 136 L.Ed.2d 513; see, also Burr v. Stark Cty. Bd. ofCommrs. (1986), 23 Ohio St.3d 69. We see no reason to expand the type of fraud permitted to challenge stepparent adoptions. This Court rejects Appellant's contention that the General Assembly intended to permit all stepparent adoptions to be challenged upon divorce of the adoptive parent(s). We also reject Appellant's assertion that a stepparent adoption can be vacated on the basis of fraud where the fraud goes to misrepresentations concerning the marriage. Therefore, we find that the trial court did not err in dismissing Appellant's complaint.
Because we have determined that Appellant has stated a claim for which there is no relief, this Court need not decide whether the trial court erred in finding that the statute of limitations began to run in July 1997, or whether the best interests of the children prevent vacating the adoption decrees. See App.R. 12(A)(1)(c).
 III.
The judgment of the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE, SLABY, P.J., CARR, J. CONCUR.