[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 78.]

FUNK *v*. RENT-ALL MART, INC. ET AL.

[Cite as *Funk v. Rent-All Mart, Inc.*, 2001-Ohio-270.]

*Workers' compensation—Intentional tort by employer—Applicable statute of limitations is two years established in R.C. 2305.10.*

(No. 00-1085—Submitted December 13, 2000—Decided February 28, 2001.)

ON ORDER from the United States District Court for the Northern District of Ohio, Western Division, Certifying Questions of State Law, No. 3:00 CV 7086.

———————————

SYLLABUS OF THE COURT

Unless the circumstances of an action clearly indicate a battery or any other enumerated intentional tort in the Revised Code, a cause of action alleging bodily injury as a result of an intentional tort by an employer pursuant to *Blankenship v. Cincinnati Milacron Chem., Inc*. (1982), 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572, will be governed by the two-year statute of limitations established in R.C. 2305.10. (*Hunter v. Shenango Furnace Co*. [1988], 38 Ohio St.3d 235, 527 N.E.2d 871, approved and extended.)

———————————

LUNDBERG STRATTON, J.

{¶ 1} This matter comes to us as certified state law questions from the United States District Court for the Northern District of Ohio, Western Division, pursuant to S.Ct. Prac.R. XVIII.  In its certification order, the court stated:

"Plaintiff brings this cause of action asserting an intentional tort against his employer.  Plaintiff's cause of action arose on June 19, 1998 and was filed on February 8, 2000.  The Plaintiff asserts his cause of action is based on the common law pursuant to *Blankenship v. Cincinnati Milacron Chemicals, Inc*. [1982], 69 Ohio St.2d 608 [23 O.O.3d 504], 433 N.E.2d 572, *cert. denied*, 459 U.S. 857 [103

S.Ct. 127, 74 L.Ed.2d 110] (1982), and it[s] progeny, including *Fyffe v. Jeno's Inc.*, 59 Ohio St.3d 115, 570 N.E.2d 1108 (1991). The Defendants have moved for dismissal of the action on the basis that it is untimely under Ohio Rev.Code § 2305.112, which requires that such an action be brought within one year. This statute, however, is based upon an enabling statute, Ohio Rev.Code § 2745.01, which was recently declared unconstitutional by the Ohio Supreme Court. See *Johnson v. BP Chemicals, Inc.*, 85 Ohio St.3d 298, 707 N.E.2d 1107 (1999). The issue is what impact the *Johnson* ruling has on the relevant statute of limitations, specifically whether the unconstitutionality of the enabling statute, Ohio Revised Code § 2745.01, renders the applicable statute of limitations, Ohio Rev.Code § 2305.112, ineffective. Thus, the questions to be presented are as follows:

"Is the statute of limitations under Ohio Rev.Code § 2305.112 viable in light of the ruling in *Johnson v. BP Chemicals, Inc.*, 85 Ohio St.3d 298, 707 N.E.2d 1107 (1999), which rendered the enabling statute, Ohio Rev.Code § 2745.01, unconstitutional? Does Ohio Rev.Code § 2305.112 apply to a common law cause of action brought by an employee against his employer pursuant to *Blankenship v. Cincinnati Milacron Chemicals, Inc.*, 69 Ohio St.2d 608 [23 O.O.3d 504], 433 N.E.2d 572, *cert. denied*, 459 U.S. 857 [103 S.Ct. 127, 74 L.Ed.2d 110] (1992) [*sic*, 1982]? If the statute of limitations is not one year pursuant to Ohio Rev.Code § 2305.112, what is the applicable statute of limitations for such causes of action?" (Footnote omitted.)

**{¶ 2}** In response to the first question regarding the viability of the statute of limitations in R.C. 2305.112 following our opinion in *Johnson v. BP Chemicals, Inc.*, this court already addressed that question in *Mullins v. Rio Algom, Inc.* (1999), 85 Ohio St.3d 361, 708 N.E.2d 706. In *Mullins*, the United States District Court for the Southern District of Ohio, Western Division, certified the following question:

"Is Section 2745.01 of the Ohio Revised Code unconstitutional under state law thereby rendering Ohio Revised Code Section 2305.112 null and void?"

{¶ 3} We concluded in *Mullins* that R.C. 2305.112 was null and void upon the authority of *Johnson v. BP Chemicals*. Therefore, our response to the first certified question in this case is in the negative. R.C. 2305.112 is no longer viable in light of *Johnson v. BP Chemicals*.

{¶ 4} The second question certified to us is whether R.C. 2305.112 applies to a common-law cause of action brought pursuant to *Blankenship v. Cincinnati Milacron Chemicals,* 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572. Our response to the second question is also in the negative based on *Mullins v. Rio Algom*. Furthermore, notwithstanding *Mullins*, the plain language of the statute provides that it applies exclusively to actions for an employer intentional tort under R.C. 2745.01. R.C. 2305.112(A). R.C. 2305.112 derived its existence from R.C. 2745.01. Because this court in *Johnson* determined R.C. 2745.01 to be unconstitutional in its entirety, it logically follows that R.C. 2305.112 no longer has any effect. There is no statutory basis for the application of the one-year limitations period in R.C. 2305.112. The statute is null and void.

{¶ 5} Respondents urge us to consider the legislative history behind the enactment of R.C. 2745.01 and 2305.112, in which the General Assembly expressed its intent that R.C. 2745.01 and 2305.112 were to "completely and solely control" employer intentional tort causes of action. 146 Ohio Laws, Part I, 758. In addition, Section 4 of H.B. No. 103 stated:

"If any provision of a section of this act or the application thereof to any person or circumstances is held invalid, the invalidity does not affect other provisions or applications of the section or related sections which can be given effect without the invalid provision or application, and to this end the provisions are severable." *Id*. at 759.

**{¶ 6}** Respondents argue that the General Assembly intended for R.C. 2305.112 to be independent from R.C. 2745.01, and consequently, R.C. 2305.112 remains viable despite *Johnson* and potentially applicable to common-law actions for employer intentional tort. We do not agree. The language codified in R.C. 2305.112 confines its application solely to those actions authorized under R.C. 2745.01. The General Assembly could have written the statute to mandate a one-year statute of limitations for all employer intentional tort causes of action, including common-law actions arising under *Blankenship*. Instead, the General Assembly chose words that specifically limit the one-year statute of limitations to causes of action arising under R.C. 2745.01. Our duty as a court is to give effect to the words used in a statute, not to delete words used or to insert words not used. *State ex rel. Preston v. Peabody Coal Co.* (1984), 12 Ohio St.3d 72, 73, 12 OBR 63, 64, 465 N.E.2d 433, 435. Therefore, we have no choice but to rely on the words of the statute as it is written. R.C. 2305.112, as written, does not apply to a common-law action brought by an employee against an employer pursuant to *Blankenship*.

**{¶ 7}** The third question posed to this court asks, "If the statute of limitations is not one year pursuant to Ohio Rev.Code § 2305.112, what is the applicable statute of limitations for such causes of action?" In *Hunter v. Shenango Furnace Co.* (1988), 38 Ohio St.3d 235, 527 N.E.2d 871, the issue before the court was the appropriate statute of limitations for a cause of action for an employer intentional tort that arose prior to the effective date of former R.C. 4121.80, the General Assembly's initial attempt to codify actions against employers for intentional torts. In *Hunter*, we held that "[u]nless the circumstances of an action clearly indicate a battery or any other enumerated intentional tort in the Revised Code, a cause of action alleging bodily injury as a result of an intentional tort by an employer * * * will be governed by the two-year statute of limitations established

in R.C. 2305.10." *Id*. at syllabus.  See, also, *Gambill v. Bonded Oil Co.* (1990), 52 Ohio St.3d 90, 556 N.E.2d 177.

{¶ 8} We believe that the analysis in *Hunter* is equally applicable today. Although a complaint may label its cause of action an "intentional tort," we look to the actual nature or subject matter pleaded in the complaint.  If the essence of a plaintiff's complaint alleges bodily injury as the result of an employer intentional tort, the two-year statute of limitations in R.C. 2305.10 should apply.  *Hunter*, 38 Ohio St.3d at 237-238, 527 N.E.2d at 873-874.

{¶ 9} Therefore, we hold that unless the circumstances of an action clearly indicate a battery or any other enumerated intentional tort in the Revised Code, a cause of action alleging bodily injury as a result of an intentional tort by an employer pursuant to *Blankenship v. Cincinnati Milacron Chemicals,* 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572, will be governed by the two-year statute of limitations established in R.C. 2305.10.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., concurs in judgment.

————————————

*John K. Fitch*, for petitioner.

*Earl Warburton Adams & Davis* and *Thomas L. Davis; Spengler Nathanson P.P.L.* and *James R. Jeffery,* for respondents.

————————————