OPINION
{¶ 1} Plaintiffs-appellants, Matthew R. Sutton, et al, appeal a decision of the Mahoning County Common Pleas Court granting defendants-appellees', Tammy Wukmir, et al., motion for summary judgment.
 {¶ 2} In November 1995, appellees, Tammy Wukmir and John Lavanty, allegedly entered into an oral agreement with appellants to sell appellees' restaurant. The parties also allegedly agreed to memorialize the oral agreement as a written purchase agreement, but appellees never signed it. Under that agreement, appellants allegedly agreed to purchase appellees' restaurant, Taxi's Bar and Grill, Inc. for $95,000, which included equipment, inventory, liquor license, and rental of real estate where the restaurant was located. Throughout this process, Nicholas Lavanty Sr. acted as appellees' real estate agent.
 {¶ 3} The parties subsequently disputed the liquor license transfer and monthly payment amounts. Nicholas Lavanty Sr., through the use of a firearm, seized control of the property and all of the equipment that was located on the property.
 {¶ 4} On June 27, 1997, appellants filed suit against Nicholas Lavanty Sr. in the Mahoning County Court of Common Pleas, case no. 97-CV-2101, enumerating six separate counts. The parties settled this case before trial for $155,000 and judgment was entered against Nicholas Lavanty Sr. on April 19, 1999.
 {¶ 5} On October 1, 2001, United States Bankruptcy Court for the Northern District of Ohio granted Chapter 7 bankruptcy to Nicholas Lavanty Sr. Appellants' pending judgment was discharged.
 {¶ 6} On May 2, 2002, appellants filed a complaint against appellees, asserting the identical six counts previously claimed against Nicholas Lavanty Sr. In addition, appellants claimed in a seventh count that appellees are jointly and severally liable for the April 19, 1999 judgment, even though appellees were not a party to that action.
 {¶ 7} On September 18, 2003, appellees filed a motion for summary judgment on the issues of statute of limitations and res judicata/collateral estoppel. Furthermore, appellees' assert that count seven, which attempts to retroactively apply joint and several liability, is not a cognizable claim.
 {¶ 8} On October 27, 2003, the trial court granted appellees' motion for summary judgment. This appeal followed.
 {¶ 9} Appellants' sole assignment of error states:
 {¶ 10} "The trial court erred in granting summary judgment to the defendants."
 {¶ 11} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Bonacorsi v. Wheeling Lake Erie Ry.Co., 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, at ¶ 24. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1976),54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46; Civ. R. 56(C).
 {¶ 12} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ. R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. * * *" (Emphasis sic.)Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.
 {¶ 13} The "portions of the record" or evidentiary materials listed in Civ. R. 56(C) include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. The court is obligated to view all the evidentiary material in a light most favorable to the nonmoving party. Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.
 {¶ 14} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ. R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher, 75 Ohio St.3d at 293,662 N.E.2d 264.
 {¶ 15} Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc., Inc.
(1995), 104 Ohio App.3d 598, 603, 662 N.E.2d 1088, citing Andersonv. Liberty Lobby, Inc. (1986), 477 U.S. 242, 247-248, 106 S.Ct. 2505,91 L.Ed.2d 202.
 {¶ 16} The first issue to analyze is count seven of appellants' complaint. In count seven, appellants contend that appellees are now jointly and severally liable for the judgment against Nicholas Lavanty Sr. issued April 19, 1999. Appellants believe that Nicholas Lavanty's role as appellees' agent automatically assigns joint and several liability to appellees, notwithstanding the fact that appellees were neither joined nor found liable in the previous lawsuit. This belief is misguided. In Ohio, appellants have the right to sue jointly or severally, but they cannot apply joint and several liability retroactively to a party not judged liable in a prior suit. See Price v.McCoy (1965), 2 Ohio St.2d 131, 140, 207 N.E.2d 236. Appellants' failure to join appellees in 97-CV-2101 renders count seven meritless and presents no triable issues of material fact.
 {¶ 17} The next issue to determine is the applicable statute of limitations. To determine whether a cause of action is time-barred, the court considers: (1) when the cause of action accrued; (2) the nature of the claim being asserted; and (3) what statute of limitations applies. See Browning v. Burt (1993), 66 Ohio St.3d 544, 566-68, 613 N.E.2d 993. The actual nature or subject matter of the complaint and not the form pleaded determine the applicable statute of limitations. Hunter v.Shenango Furnace Co. (1998), 38 Ohio St.3d 235, 237, 527 N.E.2d 871.
 {¶ 18} First, we must determine if appellees met their burden of proving no genuine issue of material fact as to an essential element of appellants' claims. Appellees, in their motion for summary judgment, claim that all counts of the complaint actually deal with various forms of tort damages. Appellees categorize these claims and the applicable statute of limitations based on the facts as alleged by the appellants in their amended complaint as: Count One, seizure of real property/premises, R.C. 2305.09(D); Count Two, seizure of chattels, R.C. 2305.09(B); Count Three, wrongful eviction, R.C. 2305.09(D); Count Four, conversion, 2305.09(B); Count Five, assault and emotional distress, R.C. 2305.10,2305.111; and Count Six, tortious interference with business relations, R.C. 2305.09(D). R.C. 2305.09(B) and (D) provide for a four year statute of limitations. R.C. 2305.10 provides for a two year statute of limitations. Finally, R.C. 2305.111 provides for a one year statute of limitations.
 {¶ 19} Next, appellees demonstrate the accrual dates for each count. Regarding counts one and three, appellees point out that appellants aver in their amended complaint that "On January 9, 1997, Defendant's agent, Nicholas Lavanty Sr., willfully, wrongfully, maliciously, and by force seized possession of the premises * * *." From this statement, appellees claim that the accrual date of the action was January 9, 1997. Applying the four year statute of limitations of R.C. 2305.09(D), appellees conclude this claim was barred on January 9, 2001.
 {¶ 20} For counts two and four, appellees show that appellants aver in their amended complaint that, "On January 9, 1997, Defendant's agent, Nicholas Lavanty Sr., willfully, wrongfully, maliciously, and by force seized possession of the chattels listed in exhibit `A' which were owned by Plaintiffs." From this averment, appellees conclude that the accrual date for both seizure of chattels and conversion of chattels is January 9, 1997. Applying the statute of limitations in 2305.09(B) of four years, appellees assert that this claim was barred on January 9, 2001.
 {¶ 21} For count six, appellees show that appellants' averments in ¶ 28 of their amended complaint for tortious business interference are identical to appellees' actions averred in ¶ 9 of the amended complaint. In ¶ 9, appellants state "On January 9, 1997, Defendant's agent, Nicholas Lavanty Sr., willfully, wrongfully, maliciously, and by force seized possession of the chattels listed in exhibit `A' which were owned by Plaintiffs, and has wrongfully kept them from the Plaintiffs." Thus, appellees conclude that the tortious business interference first occurred on January 9, 1997. Applying the four year statute of limitations under R.C. 2305.09(D), this claim was barred on January 9, 2001.
 {¶ 22} Thus, appellees, using appellants' amended complaint as evidence, demonstrate counts one, two, three, four, and six contain no genuine issue of material fact.
 {¶ 23} To determine the accrual date for count five, appellees rely on the complaint previously filed against Nicholas Lavanty Sr. in Case No. 97-CV-2101. In that complaint, filed June 27, 1997, appellants alleged six counts against Nicholas Lavanty Sr., including an assault and emotional distress claim. That assault and emotional distress claim is identical to count five in the current case. Accordingly, appellees assert that appellants' duplication of the same charge, using the same fact pattern in both lawsuits, proves that the charge had accrued at the time of the prior lawsuit. Thus, appellees assert that the accrual date for count five is at the latest June 27, 1997. Applying the two year statute of limitations for assault under R.C. 2305.10, that claim was barred on June 27, 1999. Applying the one year statute of limitations of emotional distress under R.C. 2305.111, that claim was barred on June 27, 1998.
 {¶ 24} Normally, a complaint from a previous action is not permissible evidence to consider under a Civ. R. 56(C) motion. However, this court recently discussed the procedure for including evidence not specifically enumerated in Civ. R. 56(C) in Dombelek v. Ohio Bur. of Workers' Comp.,154 Ohio App.3d 338, 2003-Ohio-5151, 797 N.E.2d 144.
 {¶ 25} In that case, this court stated:
 {¶ 26} "`Civ. R. 56(C) enumerates "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact." The complaint and judgment entries of other cases, submitted without affidavit, are none of these.' [State ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107, 109,579 N.E.2d 702].
 {¶ 27} "The proper procedure for introducing evidentiary matter not specifically authorized by Civ. R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant by Civ. R. 56(E). See State exrel. Corrigan v. Seminatore (1981), 66 Ohio St.2d 459, 467, 20 O.O.3d 388,423 N.E.2d 105." Id. at ¶ 19-20.
 {¶ 28} "Therefore, based on State ex rel. Freeman and Dombelek,
appellees needed to file a proper affidavit that refers to the complaint in the previous action and attach sworn or certified copies of the complaint to the affidavit, in conformity with Civ. R. 56(E)." Id. at ¶ 19-21.
 {¶ 29} This court further discussed the evidentiary value afforded to appellants' prior complaint:
 {¶ 30} "* * * The Ohio Supreme Court has indicated that the allegations in a complaint are treated as binding judicial admissions only in the case arising from that complaint. Gerrick v. Gorsuch (1961),172 Ohio St. 417, 178 N.E.2d 40, paragraph two of the syllabus; FaxonHills Const. Co. v. United Broth. of Carpenters Joiners of America
(1958), 168 Ohio St. 8, 10, 151 N.E.2d 12. A judicial admission presented, by pleading and setting forth the fact * * * is binding as between parties to the suit, and in the same suit in which such admission is made. Peckham Iron Co. v. Harper (1884), 41 Ohio St. 100, 106. In other words, the allegations in a complaint are only binding admissions in the lawsuit initiated by that complaint, similar to other written admissions obtained through Civ. R. 36, any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding.
 {¶ 31} "Although we have found no other Ohio appellate opinions on the issue, the vast majority of states that have considered this issue have allowed pleadings to be used as evidence in an unrelated proceeding, but not as binding or conclusive evidence on any matter. Annotation,Admissibility of Pleading as Evidence Against Pleader, on Behalf ofStranger to Proceedings in which Pleading was Filed (1959), 63 A.L.R.2d 412. The allegations and assumptions in a pleading from an unrelated case may be rebutted in many ways, such as by showing that it was filed without the plaintiff's knowledge, assistance, or direct input; was withdrawn or modified; was not intended to be a judicial admission but was merely raised as a fact in dispute to be proved at trial; or that later facts reveal that an assertion made in the complaint was in error. Id. 4 Wigmore, Evidence (3 Ed. 1940), Sections 1065-1067. Federal courts take the same view, allowing pleadings from unrelated cases to be introduced as rebuttable evidence and not as conclusive admissions. See, e.g., Enquip, Inc. v. Smith McDonald Corp. (C.A.7, 1990), 655 F.2d 115, 118.
 {¶ 32} "Based on these legal principles, a trial court should not automatically grant summary judgment simply based on factual allegations or assumptions contained in a pleading filed in an unrelated case. Although the assertions in an unrelated complaint may have very persuasive value, they may be rebutted." Id. at ¶ 22-24.
 {¶ 33} In this case, appellees filed a sworn affidavit making reference to the complaint in 97-CV-2101 and attached a certified copy of that complaint to the affidavit. Thus, the complaint is properly considered when deciding whether appellees met their initial burden.
 {¶ 34} Accordingly, appellees demonstrated that there is no genuine issue of fact with regard to the statute of limitations and appellees are entitled to judgment as a matter of law on the statute of limitations. Appellees carried their initial burden, which places a reciprocal burden on appellants to prove a genuine issue of material fact.
 {¶ 35} Appellants attempt to meet their reciprocal burden by claiming that all six counts of the complaint deal with damages arising from a breach of either an oral or written contract. In Ohio, the statute of limitations for contract claims is governed by R.C. 2305.06 and R.C. 2305.07. R.C. 2305.06 provides that an action on a written contract must be brought within fifteen years of when it accrues. R.C. 2305.07 provides that an action on an oral contract must be brought within six years of when it accrues. However, to substantiate these claims, appellants merely rely on the allegations of the complaint. It is not enough to say that appellees mischaracterized appellants' claims; appellants must come forth with affirmative evidence proving a triable issue of fact.
 {¶ 36} As the Ohio Supreme Court stated in Riley v. Montgomery
(1984), 11 Ohio St.3d 75, 11 OBR 319, 463 N.E.2d 1246, "Where a party moves for summary judgment asserting the statute of limitations, the other party may not merely rely on his pleadings, but is under an affirmative duty to present, by affidavit or otherwise, a genuine issue of material fact demonstrating that the statute of limitations is not applicable."
 {¶ 37} Here, appellants, relied solely on the allegations of the pleadings and did not meet their reciprocal burden of proving a triable issue of fact. Furthermore, because the statute of limitations had run on each claim, appellees are entitled to judgment as a matter of law. Therefore, summary judgment was appropriate for counts one through six of the complaint.
 {¶ 38} Accordingly, appellants' sole assignment of error is without merit.
 {¶ 39} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.