OPINION
{¶ 1} Appellant, Daniel F. Boyle, appeals the judgment of the Trumbull County Court of Common Pleas entering summary judgment in favor of appellee, Atlas Auto Crushers, Inc. ("Atlas"), and denying appellant's motion to amend his complaint. For the reasons that follow, we reverse and remand the judgment of the trial court.
 {¶ 2} The instant action arises out of an incident occurring at Atlas on June 21, 2002, where appellant was employed. Appellant filed a complaint in the *Page 2 
Trumbull County Court of Common Pleas in 2004, which was later voluntarily dismissed without prejudice. The case was re-filed on May 15, 2007, alleging employer negligence and stated, in part:
 {¶ 3} "3. On or about June 21, 2002, at approximately 3:09 p.m., Plaintiff, Daniel F. Boyle, in the course and scope of his employment with Atlas Auto Crushers, Inc. operated a motor vehicle owned by Defendant, Atlas Auto Crushers, Inc. and collided with several cars that did not have their gas tanks drained, thereby causing severe burns to his body, in the City of Warren, Trumbull County, Ohio.
 {¶ 4} "4. As a result of the Defendants' negligence, Plaintiff, Daniel F. Boyle, was caused to suffer severe and permanent personal injuries, suffered a loss of time and income from his employment, suffered great pain of body and mind, a loss of enjoyment of life, mental anguish, required medical care and treatment in the past, and will continue to suffer said losses in the future, all to his expense and obligation."
 {¶ 5} Atlas was granted leave to plead. Thereafter, on December 20, 2007, Atlas filed a "motion to dismiss alternatively for summary judgment" claiming the sole cause of action alleged by appellant in his complaint was negligence arising out of the course and scope of his employment and, since Atlas was insured in accordance with workers compensation laws of the state of Ohio, appellant's claim was time-barred under former R.C. 2305.112.[1] Atlas further stated appellant was compensated for his injuries through its workers compensation coverage. Atlas also argued that even if appellant sought to amend his complaint seeking damages for an intentional tort, it would have also been time-barred under former R.C. 2305.112, which required the filing *Page 3 
of a claim for an intentional tort within one year of the date of the alleged injury. Attached to Atlas' motion was an affidavit of Kimberly Check, the Safety Director of Atlas, averring that Atlas was insured with the state of Ohio Bureau of Workers Compensation ("OBWC") at the time appellant was injured and that appellant made a claim to OBWC for the injuries he allegedly received from said incident.
 {¶ 6} In response, appellant sought leave to amend the complaint or, in the alternative, appellant argued the complaint stated a claim of employer intentional tort sufficient to survive review under Civ. R. 12(B)(6). Appellant also argued the applicable statute of limitations for a claim of an employer intentional tort is two years.
 {¶ 7} The trial court granted Atlas' motion for summary judgment and denied appellant's motion to amend the complaint stating, in pertinent part:
 {¶ 8} "The problem here is that at the time of Plaintiff's accident, ORC 2304.112 [sic] (repealed April 7, 2005) required the filing of a claim for an intentional tort within one year of the date of the injury (i.e. June 21, 2003). The complaint was originally filed in April of 2004[,] 22 months after the incident and thereafter re-filed fifty-nine months after the accident is alleged to have occurred[.]
 {¶ 9} "Neither the original nor the re-filed complaint alleged intentional tort. Both complaints alleged a cause of action for negligence and under Ohio law since the Plaintiff received workers compensation for his injuries he cannot pursue an action for negligence. (O.R.C. §§ 4123.74, 4123.35 and Article II, Section 35, of the Ohio constitution.)
 {¶ 10} "* * * *Page 4 
 {¶ 11} "Since the original action was filed 22 months after the accident, which was already beyond the applicable statute of limitations for an intentional tort, Plaintiffs motion to amend his complaint to include an intentional tort in this action must also be time barred. As already discussed, a negligence claim is not applicable."
 {¶ 12} It is from this judgment that appellant filed a timely notice of appeal and asserts:
 {¶ 13} "The trial court erred by applying the incorrectly identified `R.C. 2304.112' to Appellant's employer intentional tort claim, instead of the two-year limitation period prescribed by R.C. 2305.10."
 {¶ 14} On appeal, appellant argues that the trial court erred in declaring that employer intentional torts are governed by a one-year statute of limitations period. We dismiss Atlas' claim that appellant waived this argument on appeal since appellant did not raise it in the trial court. A review of the record reveals that, in his January 23, 2008 motion, appellant argued that a two-year period is the applicable statute of limitations with respect to a claim for an employer intentional tort.
 {¶ 15} The Supreme Court of Ohio, in Funk v. Rent-All Mart, Inc.
(2001), 91 Ohio St.3d 78, 80, determined, "[i]f the statute of limitations is not one year pursuant to Ohio Rev. Code § 2305.112, what is the applicable statute of limitations for [a common-law cause of action brought pursuant to Blankenship v. Cincinnati MilacronChemicals (1982), 69 Ohio St.2d 608]?" Id. at 79. In answering this certified question, the Funk Court held:
 {¶ 16} "In Hunter v. Shenango Furnace Co. (1988), 38 Ohio St.3d 235, * * * the issue before the court was the appropriate statute of limitations for a cause of action for *Page 5 
an employer intentional tort that arose prior to the effective date of former R.C. 4121.80, the General Assembly's initial attempt to codify actions against employers for intentional torts. In Hunter, we held that `unless the circumstances of an action clearly indicate a battery or any other enumerated intentional tort in the Revised Code, a cause of action alleging bodily injury as a result of an intentional tort by an employer * * * will be governed by the two-year statute of limitations established in R.C. 2305.10.' Id. at syllabus. See, also, Gambill v. Bonded OilCo. (1990), 52 Ohio St.3d 90, * * *.
 {¶ 17} "We believe that the analysis in Hunter is equally applicable today. Although a complaint may label its cause of action an `intentional tort,' we look to the actual nature or subject matter pleaded in the complaint. If the essence of a plaintiff's complaint alleges bodily injury as the result of an employer intentional tort, the two-year statute of limitations in R.C. 2305.10 should apply.Hunter, 38 Ohio St.3d at 237-238,
 {¶ 18} "Therefore, we hold that unless the circumstances of an action clearly indicate a battery or any other enumerated intentional tort in the Revised Code, a cause of action alleging bodily injury as a result of an intentional tort by an employer pursuant to Blankenship v.Cincinnati Milacron Chemicals, 69 Ohio St.2d 608, * * * will be governed by the two-year statute of limitations established in R.C. 2305.10." (Parallel citations omitted.)
 {¶ 19} We find the trial court erred in holding the statute of limitations period for an employer intentional tort was one year. It is undisputed that the date of the incident was June 21, 2002. Appellant originally filed the action in April of 2004, 22 months after the incident, but later voluntarily dismissed the complaint. Appellant re-filed the action *Page 6 
on May 15, 2007, well after the expiration of the two-year statute of limitations period for a cause of action alleging bodily injury as a result of an intentional tort by an employer.
 {¶ 20} An examination of the pleadings reveals the only cause pled by appellant was an action for negligence, which the trial court correctly determined was barred under Ohio law. Further, although the record before us does not demonstrate that appellant pled an intentional tort claim when he originally filed an action in April of 2004, the trial court found "[n]either the original nor the re-filed complaint alleged intentional tort." We, therefore, must presume the trial court's ruling is accurate. See, Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199 ("an appellant bears the burden of showing error by reference to matters in the record.")
 {¶ 21} It is undisputed, however, that appellant re-filed his complaint within one year pursuant to Ohio's saving statute, R.C. 2305.19. Former R.C. 2305.19[2] provided, in relevant part:
 {¶ 22} "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. * * *"
 {¶ 23} As recognized by the Eighth District Court of Appeals, "[t]he Supreme Court of Ohio has stated `the savings statute applies when the original suit and the new action are substantially the same.'Children's Hosp. v. Ohio Dept. of Public Welfare (1982),69 Ohio St.2d 523, 525. It has been held: *Page 7 
 {¶ 24} "`A new complaint is substantially the same as the original complaint for purposes of the saving statute, when the new complaint differs only to the extent that it adds new recovery theories based upon the same factual occurrences stated in the original complaint. When determining whether the new complaint and the original complaint are substantially the same, a court must determine whether the allegations in the first action gave the defendant fair notice of the type of claims asserted in the second action.' Stone v. N. Star Steel Co.,152 Ohio App.3d 29, 35, 2003-Ohio-1223, * * * (internal citations omitted)."Cleveland Indus. Square, Inc. v. Dzina, 8th Dist. Nos. 85336, 85337, 85422, 85423, 85441, 2006-Ohio-1095, at ¶ 46.
 {¶ 25} In addition, in Stone v. N. Star Steel Co., at ¶ 19, the Seventh District explained: "[d]espite the differences between the two recovery theories, the allegations of negligence in the original complaint put the parties on notice of the employer intentional tort claim in the Stone II complaint."
 {¶ 26} In ruling on appellant's motion to amend his complaint, the trial court erroneously determined that it could not apply "the savings statute because the relations back provision of Civil Rule 15(a) [does] not apply to a cause of action in which the statute of limitations had expired prior to the filing of the original action." Instead, in making its determination, the trial court should have been governed by the two-year statute of limitations established in R.C. 2305.10.
 {¶ 27} In addition, it is important to note that according to the record, there has never been any answer filed to the re-filed complaint. Instead, Atlas elected to file a request for dismissal under Civ. R. 12(B)(6), or in the alternative, for summary judgment. Civ. R. 12(B) allows for the filing of a motion to dismiss in lieu of filing a responsive *Page 8 
pleading. There is no similar provision allowing for the filing of a motion for summary judgment under Civ. R. 56. However, aside from this procedural issue, the significance of this is that Civ. R. 15(A) states that a party "may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *." Therefore, appellant was free to amend the re-filed complaint without leave of court.
 {¶ 28} As previously stated, Atlas is relieved of any liability for a common-law negligence claim, since appellant received workers compensation for his injuries. However, because the trial court based its ruling on a one-year statute of limitations, as propounded in former R.C. 2305.112, and because the allegations in the pleadings added no additional parties and sufficiently put the parties on notice of the claim, we reverse the judgment of the Trumbull County Court of Common Pleas with respect to Atlas' motion for summary judgment and appellant's motion to amend the complaint, and remand this matter for further proceedings consistent with this opinion.
DIANE V. GRENDELL, J., COLLEEN MARY OTOOLE, J., concur.
[1] Appellee incorrectly cites to the applicable statute as R.C. 2304.112; however, it is clear from the record that appellee referred to R.C. 2305.112, repealed, 150 v H 498, § 2, effective April 7, 2005.
[2] R.C. 2305.19 was amended, effective May 31, 2004. *Page 1