[Cite as *Tichon v. Wright Tool & Forge*, 2012-Ohio-3147.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| KENNETH TICHON, et al., | | C.A. No.    26071 |
| Appellants | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| WRIGHT TOOL & FORGE, et al., | | |
| Appellees | | CASE No.    CV 2011 04 2304 |

DECISION AND JOURNAL ENTRY

Dated: July 11, 2012

MOORE, Judge.

**{¶1}** Appellants, Kenneth and Pennie Tichon, appeal from the judgment of the Summit County Court of Common Pleas. This Court reverses.

I.

**{¶2}** On April 26, 2011, Mr. and Mrs. Tichon filed a complaint against several parties, including Wright Tool & Forge ("Wright Tool"), wherein they alleged the defendants' liability as to a work-place injury suffered by Mr. Tichon through his employment with Wright Tool on March 10, 2008. In their complaint, the Tichons set forth that it was a "re-filed action," and referred to a previously filed case, wherein the Tichons had filed a complaint on March 9, 2010. In their re-filed complaint, Mr. Tichon set forth a claim against Wright Tool for an intentional employer tort pursuant to R.C. 2745.01, and Mrs. Tichon asserted a derivative claim against Wright Tool for loss of consortium. Wright Tool responded with a motion to dismiss pursuant to Civ.R. 12(B)(6), arguing that the claims against it were barred by the one-year statute of

limitations applicable to a claim for battery, and neither the initial complaint nor the re-filed complaint was filed within one year of the date that Mr. Tichon was injured. The trial court agreed and issued a judgment entry granting Wright Tool's motion to dismiss and setting forth that there was no just cause for delay pursuant to Civ.R. 54. The Tichons timely filed a notice of appeal and present one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN GRANTING[ ]WRIGHT TOOL['S] MOTION
TO DISMISS.

{¶3} In their sole assignment of error, the Tichons argue that the trial court erred in granting Wright Tool's motion to dismiss because the one-year statute of limitations was not applicable to Mr. Tichon's complaint against Wright Tool. We agree.

{¶4} "We review de novo a trial court's disposition of a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *White v. Roch*, 9th Dist. No. 22239, 2005-Ohio-1127, ¶ 11. When reviewing a motion to dismiss under Civ.R. 12(B)(6), we must presume that the allegations set forth in the plaintiff's complaint are true. *Id.*

{¶5} Here, the Tichons alleged that Wright Tool "had actual knowledge of the dangerous condition and characteristics of the hammer press" that Mr. Tichon was operating. They further alleged that Wright Tool intentionally removed a safety guard from the press "with intent to injure [Mr. Tichon]." The Tichons relied upon these allegations in support of Mr. Tichon's claim against Wright Tool for an employer intentional tort pursuant to R.C. 2745.01. That statute in part provides,

> (A) In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the

employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.

(B) As used in this section, "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.

(C) Deliberate removal by an employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance creates a rebuttable presumption that the removal or misrepresentation was committed with intent to injure another if an injury or an occupational disease or condition occurs as a direct result.

{¶6} The legislature did not set forth a specific statute of limitations within R.C. 2745.01. In the context of an employer intentional tort involving bodily injury, the claim will be subject to a two-year statute of limitations unless the underlying act sounds in a cause of action otherwise subject to a one-year statute of limitations. *See Funk v. Rent-All Mart, Inc.*, 91 Ohio St.3d 78 (2001), syllabus (common law employer intentional tort claim subject to two-year statute of limitations unless complaint sounds in assault or battery); *see also* R.C. 2305.10(A) ("an action for bodily injury * * * shall be brought within two years after the cause of action accrues * * *."). When a claim sounds in assault or battery, however, it is subject to the one year statute of limitations set forth in R.C. 2305.111(B).

{¶7} Here, the trial court determined that Mr. Tichon's claim against Wright Tools alleged a battery because he had contended that Wright Tools engaged in an overt, affirmative action, intending to cause harm to Mr. Tichon. In it entry, the trial court relied upon *Love v. Port Clinton*, 37 Ohio St.3d 98 (1988), for the proposition that an act that is intended to cause harm to a person constitutes a battery.

{¶8} However, *Love v. Port Clinton* does not support the trial court's conclusion, as it is distinguishable on its facts from the case at hand. In *Love*, an individual alleged that he was recklessly subdued by a police officer. He sued the city of Port Clinton and the officer, alleging

that the officer's actions caused his injuries. The Ohio Supreme Court held in its syllabus, that "[w]here the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence." In reaching this conclusion, the Court reasoned that, although the plaintiff there styled his pleading as an action in negligence, the plaintiff alleged that an officer had subdued and handcuffed him, causing him injury. *Id.* at 99. Noting that "'subduing' and 'handcuffing'[ ]are acts of intentional contact which, unless privileged, constitute a battery," the Court determined that the essential character of the plaintiff's complaint was one that sounded in battery regardless of how it was styled. *Id.* at 99-100. In its very brief opinion, the Court quoted Restatement of the Law 2d, Torts, 25 Section 13 (1965) for the proposition that "A person is subject to liability for battery when he acts intending to cause a harmful or offensive contact, and when a harmful contact results." *Id.* at 99. The quotation in *Love*, however, must be considered within the context of the facts before the Court. The Court had before it an officer who was alleged to have physically touched Mr. Love without privilege and, in doing so, had allegedly caused him injury. *Id.* A fair reading of this case does not lead to the conclusion that *any act* which is intended to cause harm to a person constitutes a battery.

{¶9} For a complaint to sound in battery, the essence of the act complained of must be an "intentional, offensive touching." *See Love* at 99; *Anderson v. St. Francis-St. George Hosp., Inc.*, 77 Ohio St.3d 82, 84 (1996) ("battery requires proof of an intentional, unconsented to touching"); *see also Snyder v. Turk*, 90 Ohio App.3d 18, 23 (2d Dist.1993) (a battery is an "intentional, unconsented-to contact with another"), *Williams v. York Intern. Corp.*, 63 Fed.Appx. 808, 811, 2003 WL 1819637 (6th Cir.2003) (to establish a battery claim in Ohio, a plaintiff must show that defendant offensively touched plaintiff), *Anderson v. St. Francis-St.*

*George Hosp.* 83 Ohio App.3d 221, 225 (1st Dist.1992) ("a person commits a battery when he unlawfully strikes or touches another"), *accord Allore v. Flower Hospital*, 121 Ohio App.3d 229, 236 (6th Dist.1997), *Jerninghan v. Lutheran Medical Center*, 8th Dist. No. 67680, 1995 WL 116961, *1 (1995), and *Wilson v. Chatman*, 3d Dist. No. 3-02-38, 2003-Ohio-2818. Here, the act complained of was the act of removing a safety guard, which is not itself an "intentional, offensive touching." *See Love* at 99.

{¶10} Further, the trial court concluded that the removal of a safety guard is an affirmative, overt act. We agree that this is an affirmative act; however, in order to constitute a battery, the affirmative, overt act must itself be one of offensive contact, as discussed above. This holding is consistent with cases where courts have found allegations that a defendant "caused" offensive contact to the plaintiff to be insufficient to constitute a battery, where there is no affirmative, overt act. *See, e.g., Hunter v. Shenango Furnace Co.*, 38 Ohio St.3d 235, 237-238 (1988). In *Hunter*, an employee sued his employer for injuries sustained when his legs were trapped and crushed between two molds. *Id.* at 235-236. He alleged in his complaint that the company "intentionally caused [his] injuries in that they allowed a condition to exist regarding the molds that was substantially likely to cause injury to the Plaintiff." *Id.* at 236. The Supreme Court held that the action alleged was not a battery "because the actual nature of the action does not claim an overt, positive or affirmative act on the part of the defendant-employer." *Id.* at 237-238.

{¶11} Although the Court decided *Hunter* on the basis that there existed no positive, overt act required for a battery, the case further presented no allegations of personal touching. *See also Dawson v. Astrocosmos Metallurgical, Inc.*, 9th Dist. No. 02CA0025, 2002-Ohio-6998, ¶ 26 (allegation that the employer "acted" to cause the worker to perform unsafe work did not

sound in battery), and *Callaway v. Nu-Cor Automotive Corp.*, 166 Ohio App.3d 56, 2006-Ohio-1343, ¶ 15-18 (10th Dist.) (allegation that the employer instructed the worker to prematurely pour molten aluminum into inadequately heated sow where doing so was substantially certain to cause injury did not sound in battery). In contrast, *Love* involved specific allegations of unconsented-to, offensive touching, and the Court held such allegations to constitute a battery. *See also, Zehnder v. Tuscarawas Cty. Engineers*, 5th Dist. No. 86 AP 100074, 1987 WL 11871, *1 (1981) (complaint alleging that defendant-employer participated in the pushing of the plaintiff from a truck and to the ground sounded in battery),

{¶12} Although these cases demonstrate that a cause of action in battery requires an overt act, common also to these cases is that the complaints sounded in battery where the act complained of was itself an act of offensive contact. Although we agree with the trial court that removing a safety guard is an affirmative, overt act, it is not itself an act of offensive contact. Rather, it is one that may be substantially certain to cause offensive contact.

{¶13} Lastly, we acknowledge that, due to the enactment and interpretation of R.C. 2745.01, it will often be the case that a plaintiff pleading an employer-intentional tort will also plead a cause of action in battery. Nonetheless, however broad the overlap between these causes of action, an employer-intentional tort does not *necessarily* incorporate an action in battery. Instead, because R.C. 2745.01(C) requires an intentional act (here removal of safety guards) which directly causes an injury, the act itself complained of need not be the act of intentional and offensive, physical contact. Therefore, there exist cases where the plaintiff may successfully plead an employer-intentional tort without pleading a battery.

{¶14} The character of Mr. Tichon's claim fits squarely within the latter group of cases. Mr. Tichon alleged that Wright Tool removed the safety guard, with the deliberate intent of

causing injury. Thus, Mr. Tichon has pleaded an employer-intentional tort under R.C. 2745.01(C). However, because the act complained of, removal of the safety guard, is not itself an act of offensive touching, Mr. Tichon's claim against Wright Tool did not sound in battery. Therefore, the Tichons' claims against Wright Tool were subject to a two-year statute of limitations. *See Funk*, 91 Ohio St.3d 78. Because the Tichons filed their complaint within two years of the act complained of, we conclude that the trial court erred in dismissing this action on that basis.

### III.

{¶15} Accordingly, the Tichons' assignment of error is sustained. The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed and
cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
CARLA MOORE
FOR THE COURT

CARR, J.
CONCURS.

WHITMORE, P.J.
DISSENTING.

{¶16} I would affirm the judgment of the trial court because I would conclude that the Tichons' complaint is time-barred pursuant to the one year statute of limitations contained in R.C. 2305.111(B). As such, I respectfully dissent.

{¶17} R.C. 2745.01 governs statutory causes of action for employer intentional torts. Although R.C. 2305.112 originally set forth a one year statute of limitations for employer intentional tort claims, R.C. 2305.112 was repealed after the Ohio Supreme Court struck down a prior version of R.C. 2745.01 in *Johnson v. BP Chemicals, Inc.*, 85 Ohio St.3d 298 (1999). *Funk v. Rent-All Mart, Inc.*, 91 Ohio St.3d 78, 79 (2001) ("R.C. 2305.112 is no longer viable in light of *Johnson v. BP Chemicals*."). The General Assembly ultimately amended R.C. 2745.01, and the new version of the statute became effective on April 7, 2005. *See* R.C. 2745.01; *Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250, 2010-Ohio-1027, syllabus (holding that the current version of R.C. 2745.01 is constitutional). R.C. 2305.112 was not revived, however, so the Revised Code does not contain a statute of limitations that specifically applies to employer intentional tort claims brought under R.C. 2745.01. Instead, one must look to the more general provisions that govern statutes of limitations for tort claims to determine the applicable statute of

limitations in a given action. *See Funk* at 80; *Hunter v. Shenango Furnace Co.*, 38 Ohio St.3d 235, 237-238 (1988).

{¶18} "In determining the applicable statute of limitations in a given action, * * * the crucial consideration is the actual nature or subject matter of the cause, rather than the form in which the complaint is styled or pleaded." (Alteration omitted.) *Dawson v. Astrocosmos Metallurgical, Inc.*, 9th Dist. No. 02CA0025, 2002-Ohio-6998, ¶ 21, quoting *Hunter*, 38 Ohio St.3d at 237. "[A]n action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues." R.C. 2305.10(A). On the other hand, "an action for assault or battery shall be brought within one year after the cause of the action accrues." R.C. 2305.111(B). "Unless the circumstances of an action clearly indicate a battery or any other enumerated intentional tort in the Revised Code, a cause of action alleging bodily injury as a result of an intentional tort by an employer * * * will be governed by the two-year statute of limitations established in R.C. 2305.10." *Funk* at syllabus.

{¶19} This Court previously has described the necessary elements of a battery for purposes of identifying the applicable statute of limitations in an employer intentional tort claim. *Dawson* at ¶ 20. In *Dawson*, we explained:

> A person is subject to liability for battery when he acts intending to cause a harmful or offensive contact, and when a harmful contact results. To make the actor liable for a battery, the harmful bodily contact must be caused by an act done by the person whose liability is in question. In order to be classified as a battery, the actual nature of the action must claim an overt, positive, or affirmative act on the part of the defendant.

(Internal citations and quotations omitted.) *Id.* A conclusory averment in a complaint that an employer "acted" is insufficient to categorize the alleged cause of action as a battery. *See id.* at ¶ 25-26 (concluding that the plaintiff did not allege a battery simply because he wrote that his employer "acted to require [him] to continue to perform" the work by which he was injured).

{¶20} R.C. 2745.01 "permit[s] recovery for employer intentional torts only when an employer acts with specific intent to cause an injury * * *." *Kaminski*, 2010-Ohio-1027, at ¶ 56. The Tichons specifically pleaded in their complaint that Wright Tool engaged in conduct that violated R.C. 2745.01. Their complaint contained all of the following allegations: (1) the hammer press on which Kenneth injured himself and its controls "were in a dangerous condition"; (2) Wright Tool "require[d] [Kenneth's] hands [to] come into direct contact with the hammer press"; (3) Wright Tool had "actual knowledge of the dangerous circumstances under which it was requiring [Kenneth] to perform"; (4) Wright Tool "did deliberately remove a guard and specifically a guard preventing accidental contact with the operating mechanism for the hammer press or the foot pedal for said press"; (5) by subjecting Kenneth to a "dangerous condition" with knowledge that he was "substantially certain to be injured," Wright Tool "did act with deliberate intent to injure [Kenneth]"; and (6) Kenneth's injuries were the "direct and proximate result of the intentional, deliberate and wrongful misconduct and conduct" of Wright Tool.

{¶21} The Tichons' complaint specifically alleged that Wright Tool deliberately removed a safety guard on the hammer press or its foot pedal. "Deliberate removal by an employer of an equipment safety guard * * * creates a rebuttable presumption that the removal * * * was committed with intent to injure another if an injury * * * occurs as a direct result." R.C. 2745.01(C). The Tichons acknowledged this rebuttable presumption in their complaint and relied upon it to argue that Wright Tool "act[ed] with deliberate intent to injure [Kenneth]." This case is distinctly different from one where a defendant-employer simply failed to correct or exposed its employee to a dangerous condition. *See, e.g., Dawson*, 2002-Ohio-6998, at ¶ 25-26; *Hunter*, 38 Ohio St.3d at 237-238. *See also Callaway v. Nu-Cor Automotive Corp.*, 166 Ohio

App.3d 56, 2006-Ohio-1343, ¶ 13 (10th Dist.) ("The employer's overt, positive, or affirmative act must cause the harmful bodily contact; the action does not constitute a battery when the conduct alleged is in the nature of an omission."). The conduct the Tichons alleged here was not an omission, but rather an "overt, positive, or affirmative act on the part of the defendant." *Dawson* at ¶ 20, citing *Hunter* at 237-238. That is, the Tichons alleged that Wright Tool, by purposely removing a safety guard, actually acted to create the dangerous condition that proximately caused Kenneth's injury. *See Jones v. VIP Dev. Co.*, 15 Ohio St.3d 90, 96-97 (1984) (categorizing defendant-employer's conduct in removing a safety cover as an intentional tort). The Tichons themselves asserted that Wright Tool "act[ed] with deliberate intent to injure." *See Kaminski*, 2010-Ohio-1027, at ¶ 56. The record, therefore, supports the trial court's conclusion that the Tichons alleged a battery and the one-year statute of limitations set forth in R.C. 2305.111(B) applies.

{¶22} To the extent the Tichons argue that the Legislative Service Commission's bill analysis of R.C. 2745.01 supports their argument that the two-year statute of limitations contained in R.C. 2305.10(A) applies here, I do not agree. In its bill analysis of the act enacting the current version of R.C. 2745.01, the Legislative Service Commission wrote:

> The act eliminates the requirement, declared "null and void" by the Court (*Funk v. Rent-All Mart, Inc.*, 91 Ohio St.3d 78, 79 (2001), citing *Mullins v. Rio Algom*, 85 Ohio St.3d 361 (1999)), that a cause of action for an intentional tort be brought within one year of the * * * the date on which the employee knew or through the exercise of reasonable diligence should have known of the injury, condition, or disease (sec. 2305.112, repealed by the act). The act does not specify a time limit to file a cause of action. It appears, then, that the statute of limitations for an employment intentional tort is two years, unless a battery or any other enumerated intentional tort occurs (sec. 2305.10, not in the act, and *Funk* at 81).

{¶23} HR Bill Analysis, 125th Leg., Am.H.B. No. 498, 2004 Ohio Laws File 143. Although the bill analysis notes that it "appears" the two-year statute of limitations generally

applies to employer intentional tort cases brought under R.C. 2745.01, it also specifically notes the following exception: "unless a battery or any other enumerated intentional tort occurs." *Id.* The language in the bill analysis, therefore, is no different from the Supreme Court's pronouncement in *Funk*. *See Funk*, 91 Ohio St.3d at syllabus ("Unless the circumstances of an action clearly indicate a battery or any other enumerated intentional tort in the Revised Code, a cause of action alleging bodily injury as a result of an intentional tort by an employer * * * will be governed by the two-year statute of limitations established in R.C. 2305.10."). Because the Tichons pleaded a battery here, the two-year statute of limitations does not apply.

{¶24} The trial court correctly concluded that the Tichons pleaded a battery and that their claims against Wright Tool are barred by the one-year statute of limitations contained in R.C. 2305.111(B). Therefore, I would affirm the trial court's decision to dismiss the Tichons' complaint.

APPEARANCES:

STEVEN J. BRIAN, Attorney at Law, for Appellants.

KEITH L. PRYATEL, Attorney at Law, for Appellees.

RICHARD M. GARNER, Attorney at Law, and GREGORY H. COLLINS, Attorney at Law, for Appellees.